Opinion op the Couet.
THIS is an appeal from a judgment rendered against the present appellants, in .an action of detinue brought by them in the circuit court, to recover from the ap-pellee the possession of four slaves.
Both parties claim the better right to the slaves, through the following will of Thomas Freeman, deceased, viz: “ It is my will, and I do ordain, that in the first place, all my just debts and funeral charges be paid and satisfied. I then lend all my estate, of all kinds, to my wife, Margaret Freeman, during her life; and I give all the said estate, to be divided equally, between the children of Thomas Prather, deceased, at his death, unless my said wife shall order it to the contrary.”
Margaret Freeman, the wife of the testator, in her lifetime, sold the slaves and executed with warranty, a bill of sale therefor, to the appellee, Robinson, and for the purpose of more certainly confirming the right in Robinson, the said Margaret, afterwards, by a clause in her will, gave the said slaves to him.
The sale so made by Mrs. Freeman, and evidenced by her bill of sale and will, is contended by Robinson to have vested in him the absolute estate and title of the slaves; whereas, on the part of the appellants, who are the children of Thomas Prather, deceased, it is urged, that Mrs. Freeman possessed no power to pass the title of the slaves to Robinson, and that the will of Freeman ought to be construed to have authorized her, merely. *416 to change or order to the contrary, the division oí the estate, which the will directs tq be made, between the children of Thomas Prather, deceased.
The court below was of opinion; .that under the will, Mrs. Freeman possessed competent power to pass the title to Robinson, and instructed the jury accordingly.
The correctness of that opinion and instruction of the court, is the sole question presented for the decision of this court.
It is upon the1 construction to be given to the will of the testator, Freeman, that the solution of this question essentially and exclusively rests. It was by construing the will, withóut the aid of extraneous evidence, the opinion of the court below was formed; and the correctness of that opinion, must be tested by the import of the-language employed in the will.
From the expressions, “ unless my said wife shall order it to the contrary,” it was evidently intended by the testator, to contera power on his wife of some extent, in relation to the remainder of his estate after her death; but the precise extent of the power intended to be given to her, is not so evident. We are inclined, however, to the opinion, that it was intended by the testator to empower his wife to control or dispose of the estate in any way she might deem expedient, and not merely to au-thorise her to.order a division of the estate between the children of Thomas Prather deceased, different from that pointed out in the will. Those expressions apply with as much propriety to the estató.which the testator was about disposing of, as to the direction he was giving for its division: and nothing in the will is perceived, which, in our opinion, ought to restrict their application to the one in exclusion of the other. A slight transposition of the expressions employed in the will, without changing their import, will indicate the intention of the testator with greater clearness. Thus, the intention of the testator to give to his wife the absolute control of the estate, would have been quite evident, if he had said, “ unless my said wife should order it to the contrary, I give all the said estate to be divided equally between the children of Thomas Prather deceased at his death.” Unless she order what to the contrary? Unless my said wife order to the contrary, the estate which I am about to dispose of, I give it to be divided equally between the children of Thomas Prather deceased.
*417 Itis true, the testator, bj a previous clause in his will, had loaned the estate to his wife during 1 er life only, •and according to the construction which we have put upon the latter clause, the power of the wife over the estate, will be increased beyond what she would have possessed, under the loan to her for life. But that may be done without committing an outrage upon any rule of construction, and in perfect accordance with what we suppose the testator most probably intended. He no doubt intended to vest all his estate in his wife, during her life, and there is surely nothing incompatible with that intention, in the further intention to confer upon her the further power of disposing of the absolute estate in fee, if she should desire to do-so. Intending to confer upon his wife such a power, and desiring to appoint the persons to whom his estate should go, in case the power should noth® exercised by her, it rvasnot extraordinary, but natural for the testator, after having given the estate to his wife during her life, to direct that, unless his wife should order it to the-contrary, the estate should at her de'ath, vest in the children of Thomas Prather deceased, equally to be divided between them.
The judgment must be affirmed with costs.