PAT SHAUGHERSSEY *v.* WILLIAM HUFFMAN'S ADM'R, ET AL.

**Wills—Sale of Real Estate by Executor.**

When a will directs the sale of real estate but names no one to make it, the executor has the power to do so.

**Sale of Real Estate to Pay Debts.**
> An executor is only authorized to sell real estate when directed by
> the will to do so or when it becomes necessary to pay debts and the
> personal property is not sufficient for such purpose.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 17, 1876.

OPINION BY JUDGE COFER:

It seems settled by the authorities that when a testator directs
his real estate to be sold, but fails to say by whom the sale shall be
made, the executor will have the power of sale by implication.
2 Redfield on Wills 124; 1 Sugden on Powers 194.

If, therefore, the testator had plainly, or by necessary implica-
tion, directed his real estate to be sold, we should have no difficulty
in holding that the sale made by the administratrix was valid. But
we incline to the opinion that the will does not contain directions
or authority to sell the real estate. It does not appear from the will
that the testator owned any real estate. He does not direct all his
estate to be sold, but only so much as shall be necessary to pay his
debts. It does not appear that he had not ample personal estate to
pay all his debts. Such estate is by law the primary fund for the
payment of debts, and the testator, when directing a sale of so much
property "as may be required to be sold to pay all debts," may have
referred alone to his personal estate, and it ought to be presumed
that he did so in the absence of more explicit language.

The authorities cited by counsel do not, in our opinion, warrant
us in holding that there was authority to any one to sell the real
estate. The cases cited in 2 Sugden on Powers 198, are not like
this. In *Elton v. Harrison,* the direction was to pay certain legacies
within a year if the testatrix's land in A. could be sold. There was
express mention of the land, and a clear intention that it should
be sold. It would have been absurd to say that the testatrix had
made the payment of the legacies within the time prescribed to de-
pend upon the doing of an act which she did not intend should be
done. In *Newton v. Bennett,* the testator expressly directed all his
estate to be sold forthwith. *Lillard, et al.; v. Robinson,* 3 Litt. 415,
involved a question of title to slaves.

The language of the will was, "I lend all my estate of all kinds
to my wife during her natural life; and I give all the said estate to
be divided equally between the children of Thomas Prather, de-

ceased, at her death, unless my said wife order it to the contrary." The widow sold the slaves in contest and the court held that the sale was a valid and effectual exercise of the power conferred upon her by the will, in other words, that she had ordered to the contrary, and therefore the children of Thomas Prather were not entitled to the slaves.

In *Morse, et al., v. Cross,* 17 B. Mon. 735, the testator gave all his estate after the payment of his debts to his wife "to hold, add to or dispose of at her own discretion during her life or widowhood for the purpose of keeping together and maintaining" his children. Those authorities do not justify us in holding that authority to sell real estate can be implied from language such as occurs in the will before us. The only authority given even to sell personal estate is in case it should be required to pay debts.

If, however, the sale of real estate be necessary for the payment of the testator's debts, and the sale was made at a fair price, we see no reason why, upon these facts being made to appear, the chancellor may not approve and confirm the sale, the purchaser being willing, as appears from his answer, to keep the property and pay for it upon being assured of a good title. But unless it be made to appear that a sale of real estate was necessary for the payment of debts, and that the sale was made at a fair price and may be approved and ratified by the chancellor without detriment to the devisees in remainder, the contract of sale should be rescinded upon equitable terms.

Judgment *reversed* and cause remanded for further proceedings.

*Pat Joyes, Hagan & Caruth, for appellant.*
*J. W. Wilson, for appellees.*