Dudley, &c., v. Weinhart, &c.

CASE 71—PETITION EQUITY—OCTOBER 20.

## Dudley, &c., v. Weinhart, &c.

APPEAL FROM KENTON CHANCERY COURT.

93   401<br>f133   342

WILLS—POWER OF APPOINTMENT.—A testator may, by his will, confer upon another the power to change or cancel any gift or devise made in his will. The exercise of such a power of appointment is not a revocation of the will within the meaning of the statute, which provides in substance that a will can not be revoked except by the testator himself in his lifetime, as the devisees take subject to the exercise of the power.

GEO. B. NELSON FOR APPELLANTS.

1. Where there is a conflict in the provisions of a will the clause last written must control as being the later expression of the testator's will. (Jacob v. Jacob, 4 Bush, 113; Baugh v. Baugh, 4 Bibb, 556; Nelson v. Nelson, 2 Ky. Law Rep., 63; Howard v. Howard, 4 Bush, 497.)

2. The intention of the testator was that the property described in the various clauses of his will should go to the respective devisees in the event, and only in the event, that Mrs. Eginton should not, in the time and mode designated, appoint it to other uses—to herself by *canceling* the devises, or to others by *changing* them. And that intention is a lawful one. (Lewin on Trusts, 84; Jones v. Clifton, 101 U. S., 225; McCullough v. Anderson, 90 Ky., 126; 1 Sugden on Powers, 40, 118; 4 Kent's Comm., 316, 317; Burleigh v. Clough, 52 N. H., 267; Burnsides v. Wall, 9 B. M., 323; Hunt v. Johnson, 10 B. M., 344; Lillard v. Robinson, 3 Litt., 417.)

The appointees of Mrs. Eginton take under the will of the testator. (2 Sugden on Powers, 22, 24; Bouvier's Law Dict., Appointment; 4 Kent's Comm., 337.)

RAYMOND C. GRAY ON SAME SIDE—

Cites: Bakewell, &c., v. Ogden, &c., 2 Bush, 268; Lillard, &c., v. Robinson, 3 Litt., 416; Broom's Legal Maxims, 658; Perry on Trusts, sec. 508; Saunders on Uses, p. 154; Augustus, &c., v. Seabolt, &c., 3 Met., 159; Anderson v. Miller, 6 J. J. M, 573; 1 Redfield on Wills, 430; Henderson v. Blackburn, 104 Ill., 231; Kaufman v. Breckinridge, 117 Ill., 313; 2 Washburne on Real Property, p. 307; Howard v. Howard's Ex'or, 4 Bush, 497.)

RICHARD P. ERNST FOR APPELLEE.

A testator can not authorize another person to change, cancel or revoke his will after his death. (Gen. Stats., chap. 113, secs. 9, 10; Maxwell

v. Maxwell, 3 Met., 109; Massie v. Griffin, 2 Met., 369; Saunders v. Saunders, 7 J. J. Mar, 504; 1 Redfield on Wills, p. 318; Schonler on Wills, sec. 387; Jarman on Wills, secs. 146, 147; Tilden v. Green, Albany Law Jour. of Nov. 7, 1891.)

Cases explained and commented on: Lillard v. Robinson, 3 Litt., 415; McCullough v. Anderson, 90 Ky., 126; Jones v. Clifton, 101 U. S. 225.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Charles Eginton, a wealthy citizen of Covington, Ky., died testate in September, 1890. His will, after providing generously for his wife and granddaughter—he had no living children—provides for the family of his brother, William Eginton, and for the family of his half-brother, Thomas McGrath, and for certain nieces and nephews of his wife and others.

The testator, in part 9 of his will, gave his wife the power, within a certain time, to change or cancel any and every gift or devise made in his will. The power is as follows: "And further, although not in terms so stated at each .item, it was, and is, nevertheless, intended that every gift or devise hereinbefore entered, is subject to be changed or canceled by my wife;" provided she, in her own handwriting, attested by two competent and disinterested witnesses, and recorded in the county court before the gift or devise is to take effect, and which was not to go into effect or pass any right until the thirtieth day after the will is probated, declares otherwise.

His wife, within the time and in the manner prescribed, did exercise the power conferred upon her, and changed part 5, item 5 of the will, which gives to the children of William Eginton the remainder interest of fifty shares of the stock of the Bank of Kentucky; the wife, under the will, being entitled to a life estate therein; and she

gave the same to Lizzie P. Dudley and others.   She also changed and canceled that part of the devise which gave to the grandchildren of William Eginton eleven hundred dollars in cash, but she made no disposition of that sum.

The lower court held that the power given to the wife to change or cancel the devises was, in effect, an attempt to give her the power to revoke the will after the death of the testator, which could not be conferred upon her; for, under section 10, chapter 113, of the General Statutes, in reference to the revocation of wills, it is provided, in substance, that a will can not be revoked, except by the testator himself in his lifetime, in the manner therein indicated; therefore, her attempt to change the devises was void.   On the other hand, the appellants contend that the power conferred upon the wife to change the devises was not a revocation of the will, but was a power of appointment given by the will, which was a consistent part of it.   The same contention on both sides is made here, and which we have to decide.

Now, a general power of appointment is a power given by the maker of a deed or will, called the donor of the power, to another person, called the donee of the power, in the name of and by the authority of the donor, to create a new estate in any one out of the estate of the donor without divesting any estate previously granted or devised subject to such power; or by divesting an estate previously granted subject to such power and bestowing on another person.   Such power has always been exercised and held valid as being the will of the donor of the power, and not as a revocation or destruction of his will in the sense of the statute *supra*; for it is perfectly competent for a testator to give another person the power to

dispose of his property according to his own judgment and discretion. In such case the will and discretion of such person would be the will of the testator. If the testator had devised some estate to certain persons, subject to be divested or defeated, and its destination changed by the exercise of a power given to another person, the exercise of such power would be the will of the testator; for he may attach conditions to the devise, the happening of which will defeat it; and, defeating the devise upon such conditions that the donee of the power might thereafter present, is the same as if the testator had inserted in the will the identical conditions as a defeasance of the present estate. See Johnson v. Yates, 9 Dana, 500, where it is said "that the appointment operates as if it had been inserted in the original deed." Also in accordance with these views is the case of Lillard v. Robinson, 3 Litt., 415, wherein it was held that the devisee of a life estate would, under a power of appointment, defeat the devisees in remainder under the will. Also in the cases of McCullough v. Anderson, &c., 90 Ky., 126, and Herbert, &c., v. Herbert, &c., 85 Ky., 134, the same doctrine is announced. These cases proceed upon the ground that a testator could defeat the expressed objects of his bounty by a defeasance in the nature of the power of appointment to the uses of another person.

The judgment is reversed, with directions for further proceedings consistent with this opinion.