JOSIAH EXUM v. JASPER BAKER, et al.

*Commissioner's Deed—Execution of Powers.*

1. Where the donee of a power of sale has an individual interest . in the subject matter, independent of the power, a deed by him which makes no reference to the power passes only his private interest.· If he have no individual interest, such a deed will be construed an execution of the power.

2. A deed made by a commissioner of the court, which recites a sale under the judgment, by the commissioner, but does not have the word "commissioner." after the signature of the grantor, is valid. (*Vide McLean* v. *Patterson,* 84 N. C., 427.)

CIVIL ACTION, to recover possession of land, tried before *Graham, J.,* at December Special Term, 1895, of GREENE Superior Court.

The defendant admitted possession but denied title in the plaintiff. The plaintiff offered the following deed in support of his title :

"Whereas, at spring term, 1889, of the superior court of Greene county, Josiah Exum and W. D. Wallace, assignees of W. H. Dail & Bro., obtained a judgment of foreclosure against Bryant Baker and wife, Mitty Baker, on a certain mortgage set out in the pleadings in said action ; that Theo. Edwards was appointed a Commissioner to sell said land ; that said land was, by said Commissioner, duly advertised according to law and sold at the court-house in Snow Hill, on the first Monday in January, 1890, at which sale Josiah Exum, assignee of W. H. Dail & Bro., became the purchaser ; that at spring term, 1890, of said court said sale was duly confirmed.

"Now, therefore, this deed, made by Theo. Edwards, Commissioner aforesaid of Greene county and State of North Carolina, of the first part, and Josiah Exum,

118—35

assignee of W. H. Dail & Bro., of Greene county and said State, of the second part : witnesseth therefor and in consideration of the premises ·above, and the further consideration of four hundred dollars, the purchase price, the party of the first part has bargained, sold and conveyed and by these presents doth bargain, sell and convey to the party of the second part, his heirs and assigns, all that tract or parcel of land in Greene county on which the said Bryant Baker resides, being the tract of land purchased of J. T. Freeman on Rice Pocosin, adjoining the lands formerly owned by Henry Cannady, Ollin Moore and others, containing eighty acres, more or less.

" To have and to hold the same, and all the hereditaments and appurtenances thereunto or in anywise appertaining, to the said party of the second part, his heirs and assigns in fee-simple forever.

" And the party of the first part, as Commissioner aforesaid, covenants to and with the party of the second part, his heirs and assigns, that he will warrant and defend said title to the same and against the lawful claims of all persons.

" In testimony whereof, I have hereto set my hand and seal, this 16th day of April, 1890.

                                THEO. EDWARDS.    [Seal.] "

Duly proved and recorded.

Defendant objected, upon the ground that plaintiff claimed the land through Theo. Edwards, Commissioner of the superior court, whereas said deed was signed by Theo. Edwards in his individual capacity, and the attesting clause does not refer to him as the Commissioner of the court.

The court held the deed was invalid, except as against Theo. Edwards individually.

Plaintiff excepted.

EXUM v. BAKER.

Plaintiff submitted to a non-suit and appealed.

*Messrs. Shepherd & Busbee*, for plaintiff (appellant.)
*Mr. J. B. Batchelor*, for defendants.

FAIRCLOTH, C. J. (after stating the facts): The sole question presented is the validity of the deed offered in evidence to pass title. In the argument against it the only reason assigned is that the grantor failed to add to his signature the word " commissioner." It sometimes happens that when a deed is defective in form it is necessary to find the intention of the act.

In this case the intention, from the recitals in the deed, is so manifest that the Court cannot fail to see it. The regularity of the proceedings recited in the case is admitted and also of the sale under which the plaintiff claims.

When the donee of a power to sell has an interest of his own in the property affected by the power, and makes a conveyance of the property without reference to the power; the construction is that he intends to convey only what he might rightfully convey without the power. *Towles* v. *Fisher*, 77 N. C., 437, and the authorities cited by counsel in that case. 4 Kent, 334–5 When, however, the donee has no interest in the subject of the conveyance, but only a naked power, as in the case before us, then the intent apparent upon the face of the instrument to sell, would be deemed a sufficient reference to the power to make the instrument an execution of it, as the words of the instrument could not be otherwise satisfied. *Siler* v. *Ward*, Repository and Taylor's Term, 161 (548).

The case of *Bayson* v. *Lewis*, 84 N. C., 680, relied upon by the defendant, was a question of agency and personal liability upon a promise to pay money, and does not hit the mark in the present case.

Error.