KIRKMAN v̂. WADSWORTH.

(Filed March 8, 1905).

*Trust—Execution of Power of Appointment—Deed—Husband as Trustee.*

1. Where a son executed a deed in fee-simple to his father in trust for the son's wife during her life, and to convey said property to such persons and for such estate as said wife should appoint under her hand and seal, and where the trustee (father) died leaving said son as his only heir, a deed in fee-simple with warranty executed for value thereafter by the son and his wife, conveyed a good title in fee to their grantee, though the deed did not refer to the power.

2. Where a deed can have no efficacy except by reference to a power, and the deed has been executed substantially as provided in the instrument creating the power, the estate will pass although the power is not referred to in the deed. But if the donee of the power has any independent estate and makes a deed, the terms of which will be satisfied by such independent estate, it will be presumed that the donee intended to convey his independent estate only.

3. A husband may be trustee for his wife.

ACTION by Emeline Kirkman and others against Enoch Wadsworth and others, heard by *Judge W. B. Council* at the November Term, 1904, of the Superior Court of CRAVEN County, upon an agreed statement of facts. From a judgment in favor of defendants, plaintiffs appealed.

On the 15th day of April, 1841, Joseph Merkell executed a deed in fee-simple for the *locus in quo* to his father, John Peter Merkell, upon the following trust: "In trust for the sole and separate use of Caroline M. Merkell, wife of the said Joseph Merkell, during the life of the said Caroline M. Merkell so that said real estate, slaves and their increase and other personal property hereby granted shall not be liable or in any manner subject to the debts, contracts or engagements of the said Joseph Merkell, and further to grant and

convey said property or any part thereof to such person or persons for such consideration and for such interests and estates as the said Caroline M. Merkell shall by any writing under her hand and seal during her coverture direct, limit or appoint and upon the dissolution of the said marriage by the death of the said Caroline M. Merkell and on her failure to make the appointment above mentioned in trust to surrender and deliver up said property to such child or children of the said Joseph Merkell and Caroline M. Merkell, his wife, as may be living at her death to be held by such child or children in absolute property, but should said Caroline M. Merkell die and leave no issue living at her death, then in trust to surrender and deliver up said property hereby granted to the said Joseph Merkell, or if he should die before said event then to the proper heirs at law and next of kin of the said Joseph Merkell to be held by him or them as their absolute and indefeasible estate."

Prior to May the 6th, 1843, John Peter Merkell, the trustee under said deed, died leaving Joseph Merkell, the grantor in said deed, his only son and heir at law, to whom said trust estate descended. On the 6th day of May, 1843, while said trust estate was vested in Joseph Merkell, the said Joseph Merkell and his wife Caroline M. Merkell, the donee of the power of appointment under said trust deed, executed a deed in fee-simple for the *locus in quo* to A. Mitchell. A. Mitchell immediately entered into the possession of the *locus in quo* and he and those claiming under him down to and including the defendant S. E. Wadsworth have been in possession thereof ever since.

On the 9th day of December, 1843, Joseph Merkell and his wife, Caroline M. Merkell, executed a deed to J. T. Lane as trustee for the *locus in quo* providing that the property conveyed therein should be held upon the same trust as those expressed in the original deed to John Peter Merkell.

The plaintiff Emeline Kirkman is a surviving child of the said Joseph Merkell and Caroline M. Merkell, both being dead at the commencement of this action. The plaintiff Ella Moore is the only child and heir at law of another child of the said Joseph Merkell and Caroline M. Merkell who died during the life-time of the said Caroline M. Merkell. Caroline M. Merkell died on the 27th day of December, 1903.

The plaintiffs claim the *locus in quo* under the provision of the deed of trust to the said John Peter Merkell and J. T. Lane, and the defendant S. E. Wadsworth claims said property under the deed from the said Joseph Merkell and Caroline M. Merkell to A. Mitchell and by mesne conveyances in fee.

*W. D. McIver,* for the plaintiffs.
*W. W. Clark,* for the defendants.

BROWN, J., after stating the facts. The plaintiffs contend that the deed of May 6, 1843, from Joseph and Caroline Merkell to A. Mitchell, while purporting on its face to convey a fee, conveyed in fact only the life-estate given to said Caroline by the deed to John Peter Merkell, trustee, by Joseph Merkell, dated April 15, 1841; and that Caroline Merkell having died December 27, 1903, without having properly exercised the power of appointment given her by said deed, the plaintiffs are now entitled to the property as the beneficiaries under the provisions of the trust.

The defendants contend that under the terms of said trust deed Joseph Merkell not only gave his wife Caroline a life-estate in the property but he also gave her by express words a valid power of appointment, whereby, by a "writing under her hand and seal during her coverture," said Caroline could direct, limit or appoint through the trustee, a conveyance of said property in fee. Defendants contended that when

John Peter Merkell died the fee descended to his only heir and son Joseph Merkell, husband of Caroline, and that thereafter Caroline and her husband, who was her trustee, executed to A. Mitchell the deed in fee of May 6, 1843, with full covenant of warranty; that the execution of this deed was a valid exercise of the power of appointment given to said Caroline, although in it there is no reference to the power.

In the appellants' brief it is stated that "his Honor below announced his opinion as adverse to the claim as an execution of the power, but held that the plaintiffs were barred by the statute of limitations." Our view is quite to the contrary of his Honor's.

We are of opinion that the statute of limitations would not bar a recovery, but that the execution of the deed' of May 6, 1843, does. The Court below rendered the correct judgment but put it on the wrong ground.

This deed is a conveyance in fee-simple and nowhere purports to convey a less estate. The draftsman, as if "to make assurance doubly sure," has added in the *tenendum* the words "free and discharged of any and all encumbrances in fee-simple absolutely forever," and then follows a covenant of warranty in fee "to Alexander Mitchell, his heirs and assigns, against the claims of all persons whatsoever." If the English language is capable of making known the thought and intentions of the mind, the words used in that deed convey the most unmistakable purpose and intention on the part of Caroline Merkell and her husband Joseph to convey a fee-simple estate in the property described there.

The plaintiffs contend in reference thereto:

1. That the deed must refer to the power, otherwise it is not a valid exercise of the power.

2. That the husband cannot be trustee to the wife, and that the conveyance is void as an exercise of the power of appointment because no legal trustee joined in it.

We are against the plaintiffs on both propositions. We take it that the following propositions are established law: If a deed can have no efficacy except by reference to a power, and the deed has been executed substantially as provided in the instrument creating the power, the estate will pass although the power is not referred to in the deed. If the donee of the power has an estate in the property outside and independent of the instrument creating the power, or any separate estate in the property, however created, and makes a deed, the terms of which will be fully satisfied by such independent estate, which deed contains no reference whatever to the power, his conveyance will be referred to his own independent estate, and it will be presumed that the donee intended to convey his independent estate only, and that he did not intend the deed as an exercise of the power of appointment under a trust.

Caroline Merkell had no interest or estate whatever in the property conveyed to Mitchell, except what was given her in the deed creating the power. Having no estate whatever in herself that can satisfy the terms of that deed, when she and her husband and trustee executed it, for a valuable consideration in fee and with full warranty, she manifested a most unmistakable purpose to convey under the power given her, and to its full extent. It is not necessary that the deed should refer to the power. Under such circumstances it is a valid exercise of the power of appointment without it.

The authorities are full and in complete accord upon these propositions. *Ashe, J.,* says: "It is not necessary to refer to the power if the act shows that the donee had in view the subject of the power at the time." *Taylor v. Eatman,* 92 N. C., 607; 4 Washburn R. P. (4 Ed.), 658; 4 Kent Com., marg. p., 334. "An intent apparent upon the face of the instrument to dispose of all the estate is deemed a sufficient reference to the power to make the instrument

operate as an execution of it, inasmuch as the words of the instrument could not be otherwise satisfied." 1 Sugden on Powers, 460.

It is not necessary that Joseph Merkell, the trustee, and his wife, the donee of the power, should have executed separate instruments. Neither is it necessary that she should have requested or directed the trustee in a separate writing to make the deed. Joining in the same deed with the trustee was the most effectual manner of indicating her wishes and purposes by a writing under seal. When a trustee, having a power to sell land in fee by the written direction of the *cestui que trust* for life, joins with her in a conveyance of the property on valuable consideration with warranty, this is a good and valid execution of the power, although the conveyance does not refer to the power. *Gindrat v. Gas Co.,* 82 Ala., 604. Where the deed would be useless and inoperative, and convey nothing except as an exercise of a power, it will be so construed, although there be no reference in it to the power. *Matthews v. Capshaw,* 109 Tenn., 480. The estate Mrs. Merkell acquired under the trust deed was a life-estate. It could not satisfy the terms of the deed to Mitchell. The authorities are abundant to the effect that where one who owns an estate in property and is also clothed with a power resulting from a trust in the same property, if the donee executed a conveyance under such circumstances as to make it apparent that it was his intention to execute the power, the conveyance will be referred to the execution of the power, and not to a disposition of the estate owned by him in the property. *Lumber Co. v. O'Neal,* 131 Ala., 119, and cases cited. Where a person conveys land for a valuable consideration in fee, he engages with the grantee to make the deed as effectual as he has the power to make it.

In addition to the authorities cited, the propositions laid down are fully sustained by the following cases: *Warner v.*

*Ins. Co.,* 109 U. S., 357; *Campbell v. Johnson,* 65 Mo., 439; *Yates v. Clark,* 56 Miss., 212; *Rinkenberger v. Meyer,* 155 Ind., 152; *Ladd v. Chase,* 155 Mass., 417; also by an elaborate opinion of Judge Taft in the Circuit Court of Appeals in which many authorities are cited. *Smith v. McIntyre,* 95 Fed. Rep., 591.

It is insisted by the plaintiffs that it is against the policy of the law for a husband to be a trustee for his wife, and that Joseph Merkell the husband, when the trust estate vested in him by descent from John Peter Merkell, had no power to convey under the appointment of his wife. The plaintiffs' position as to this is equally as untenable as their first contention. In *Croom v. Wright,* 39 N. C., 250, *Chief Justice Ruffin* says: "He (meaning the husband) therefore can take no beneficial interest in the property under the will, whether the legal estate be vested in his wife's brother as trustee, or be vested in the husband himself for want of the interposition of another trustee, since it has been long held that where there is a clear intention to give a separate estate to a married woman, it shall not fail for want of a trustee, but be effectuated by converting the husband in respect to the legal estate, which comes to him *jure mariti,* into a trustee for her."

In *Stearns v. Fraleigh,* 39 L. R. A., 705, the wife appointed her husband her trustee. The Supreme Court of Florida sustained the appointment and declared that the husband's acceptance binds him to execute the trust, according to its terms, as fully as any other trustee, and that the husband becomes vested with the same powers and responsibilities, and no others, as any other trustee. If the husband trustee attempts to coerce the wife, she may have him removed. 25 Am. & Eng. Enc. of Law (2 Ed.), 431, where many authorities are collected.

When John Peter Merkell died, the estate in the land descended upon his only heir, Joseph Merkell, clothed with all the powers and charged with all the duties, responsibilities and trusts declared in the deed, which trust the courts will enforce. When Joseph and his wife afterwards conveyed in fee for value and with warranty, their grantee acquired a good title to the fee. The judgment is

Affirmed.