S. B. CARRAWAY ET AL. v. W. O. MOSELEY ET AL.

(Filed 13 April, 1910.)

1. **Wills, Interpretation of—Power of Appointment—Its Exercise.**

When under the will of a donee of a power the devise of lands is effective without the execution of the power, the intent of the testator to execute it must be so clearly expressed that no other reasonable one can be imputed.

2. **Same—Lands Adjoining—Description.**

L. devised a life estate in his lands, with a limitation over to W., a grandson, in default of the exercise by S., the son of the former and father of the latter, of a power of designation or appointment under the will of L. In the will of S., devising to W. certain of his own lands, the *locus in quo* is given as adjoining lands, which were referred to as those given to W. by the last will and testament of L.: *Held,* (1) that by the will of S. it was intended by S. that only his own lands were to be conveyed to his son, and the devise was not an execution of the power of appointment he held under the will of L., his father, the reference in his will to the *locus in quo* being for the purpose of description.

APPEAL by plaintiffs from *O. H. Allen, J.,* at November Term, 1909, of LENOIR. The facts are stated in the opinion of the Court.

*G. V. Cowper, Aycock & Winston, F. A. Daniels* and *W. C. Munroe* for plaintiff.

*Loftin, Varser & Dawson, Y. T. Ormond, T. C. Wooten* and *Simmons, Ward & Allen* for defendant.

WALKER, J. This action was brought by the plaintiffs to recover of the defendants the possession of a certain tract of land, or a portion thereof, in the county of Lenoir, called "Monticello," and which is fully described in the complaint. The plaintiffs claim the land as the children of William W. Carra-

way, upon the ground that, by virtue of the execution of a power given by Louis Whitfield to Snoad B. Carraway, the said William W. Carraway acquired a life estate in the said land, with a remainder in fee to his children. The defendants claim through mesne conveyances under William W. Carraway, and base their claim upon the ground that there was no execution of the power by Snoad B. Carraway and, therefore, by the terms of the will the lands were devised directly by Louis Whitfield to William W. Carraway in fee simple.

The clause of the will by which the power of appointment is conferred upon Snoad B. Carraway is as follows: "I give and bequeath unto my son-in-law, Snoad B. Carraway, and wife, Harriet, and to the survivor of them for life, that part of my land on Wheat Swamp whereon they now live, called 'Monticello,' beginning at a small maple (describing it); also the land I hold by deed from John Patridge, and the two Robert Wetheringtons; also a part of land on Beaver Dam Branch, called LaFayette (describing it); also a half of two lots in the town of Hookerton, and after the death of said survivor, I give and bequeath the said tracts of land and plantations to such child or children now in being of the said Snoad B. Carraway as he shall name, and designate and appoint to take the said land, in and by his last will and testament; and after the death of said child or children and the devisees so named, designated and appointed, to the children of said child or children, to be equally divided between them and their heirs forever, and in default of any appointment or designation of any such child or children by the said S. B. Carraway as before said, then I give and devise that part of my land on Wheat Swamp as above described, called 'Monticello,' and a half of two lots in Hookerton, to William W. Carraway, son of S. B. Carraway and Harriet, his wife, and that part of my land on Beaver Dam as above described, called LaFayette, to Mary Carraway, daughter of Snoad B. Carraway and Harriet, his wife, to them and their heirs forever."

After the death of Louis Whitfield and the probate of his will, and also after the death of Harriet Carraway, the wife of Snoad B. Carraway, the latter, that is, Snoad B. Carraway, executed his will, which contained the following item: "I give and bequeath unto my son, William W. Carraway, all of my land on or near Wheat Swamp, which I have acquired by purchase from Levi Mewborn, from the heirs of Robert Wetherington and others, adjoining the lands and plantation called 'Monticello,' given to William W. Carraway by the last will and testament of his grandfather, Louis Whitfield. I also give

him (my son William) the following negroes (naming them); also one acre of land at Becton's old field on Neuse River; also my household and kitchen furniture, including all the silver of every kind, bed, bedsteads and bedclothing, not given away in another legacy; also one lot in Hookerton, Greene County."

The contention of the plaintiffs is that the devise in the will of Snoad B. Carraway was an execution of the power of appointment, which devolved upon him by the will of Louis Whitfield, and which we have already stated. We are unable to agree with the plaintiffs in this construction of the said devise. The law in regard to the execution of powers of appointment has been well settled for many years.

The rule generally accepted is that if the donee of the power intends to execute it, and the mode be, in other respects, unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution full and operative; the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation; and if it be doubtful under all the circumstances, that doubt will prevent it from being deemed an execution of the power. It is not necessary, therefore, that the intention to execute the power should appear by express terms or recitals in the instrument, but it is sufficient that it appears by words which, when fairly construed, indicate the intention of the donee to execute the power. Three classes of cases have been held to be sufficient demonstrations of such intention: (1) Where there has been some reference in the will, or other instrument, to the power; (2) or a reference to the property which is the subject on which it is to be executed; (3) or where the provision in the will, or other instrument executed by the donee of the power, would otherwise be ineffectual or a mere nullity, or, in other words, it would have no operation except as an execution of the power. This rule has been approved in the following cases: *Blagge v. Myers,* 1 Story, 426; *Blake v. Hawkins,* 98 U. S., 315, and in *Lee v. Simpson,* 134 U. S., 572, in which case the authorities are collected. This Court adopted the rule in *Taylor v. Eatman,* 92 N. C., 601, and held that, as a general rule, in executing a power, the deed or will should regularly refer to it expressly, and it is usually recited; yet it is not necessary to do this if the act shows that the donee had in view the subject of the power at the time. 2 Washburn on Real Property (4 Ed.), 658. We may add to these the following authorities: Hopkins on Real Property, 316; *Lane v. Lane,* 64 L. R. A., 849; 2 Story Eq. Jur. (13 Ed.), sec. 1062a; 2 Perry on Trusts, sec. 511c;

4 Kent's Commentaries (13 Ed.), marg. p. 335. It has generally been held that a will need not contain express evidence of an intention to execute a power. If the will be made without any reference to the power, it operates as an appointment under the power, provided it cannot have operation without the power. The intent must be so clear that no other reasonable one can be imputed to the will, and if the will does not refer to a power or the subject of it, and if the words of the will may be satisfied without supposing an intention to execute the power, then, unless the intention to execute the power be clearly expressed, there is no execution of it. For this statement of the law we have the authority of Chancellor Kent. 4 Kent's Commentaries, *supra.*

Applying these principles to the wills under consideration, we think it clear that Snoad B. Carraway, by the devise in his will, intended only to convey his own property to his son, William W. Carraway, and not to execute the power of appointment which he held by virtue of the will of Louis Whitfield. The words in the will, after a general description of the land he gave to his son, namely, "adjoining the lands and plantation called 'Monticello,' given to William W. Carraway by the last will and testament of his grandfather, Louis Whitfield," are merely descriptive of his own land which he was then devising to his son. No land was devised to William W. Carraway by the will of Louis Whitfield, except in the event that the donee of the power should fail to execute it. Snoad B. Carraway did not intend, by the words we have quoted, to refer to any land acquired by his son, William W. Carraway, under any execution of the power of appointment, but to the land devised to him by Louis Whitfield, in the event, as we have said, Snoad B. Carraway failed to execute the power of appointment. The devise in the will of Snoad B. Carraway to his son, William W. Carraway, could, therefore, have full force and effect without reference to any execution of the power, and, under the rule we have stated, the law will not consider the power as having been executed. Besides, we think it is perfectly manifest that Snoad B. Carraway intended, not to execute the power, but to further describe the particular tract of land which, at the time of executing his will, he was devising to his son.

A trial was waived by the parties, and the court, by consent, found the facts to be as we have already stated them. We are of the opinion that there was no error in the judgment of the court upon the facts in the case.

Affirmed.