## Henriott v. Cood.

(Decided April 25, 1913).

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Deeds—Execution of Powers—Intention.—It is a sufficient demonstration of an intended execution of a power: (1) Where there has been some reference in the instrument to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument executed by the donee of the power would have no operation, except as an execution of the power.

2. Powers—Execution of—Direct Reference to Not Necessary.—In the execution of a power, a direct reference to the power is not necessary; nor is it necessary that the intention to execute it should expressly appear upon the face of the instrument; but it must be apparent that the transaction is not fairly or reasonably susceptible of any other interpretation than as indicating an intention to execute the power; and this indication is to be collected from all the circumstances.

3. Powers—Effect of Execution of.—Where a trustee holding property for the life of one, with the remainder to another, is given power to sell and convey the property and re-invest the proceeds upon like trusts, he may sell and convey the property to the beneficiary of the trust and thus defeat the remaindermen.

4. Trusts—Vendee of Trustee Need Not Look to Reinvestment of Proceeds.—Under section 4846 of the Kentucky Statutes, a purchaser of property from a trustee is not bound to look to the reinvestment of the purchase money, unless he be expressly required so to do by the conveyance or devise; and the failure of the trustee to so reinvest the proceeds will not affect his vendee's title, or render him liable, in the absence of an express provision requiring him to see to the reinvestment.

5. Powers—Effect of Execution—Cutting Off Remaindermen.—Where a trustee holding property for the life of one person, with remain-

der to the beneficiary's heirs, with power in the trustee to sell the land and reinvest the proceeds, and the trustee exercises the power of selling the land, the remaindermen have no interest therein, and are not necessary parties to an action which questioned the power of the trustee to make the sale.

JOHNSON, HIEATT & SCHEIRICH for appellant.

KINNEY & THOMAS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In this action by the appellee against the appellant for the specific performance of a contract for the sale of land, lying on Broadway in Louisville, west of Fourteenth street, the chancellor enforced the contract, and the defendant appeals.

1. Appellant's first objection to appellee's title rests upon the deed executed in 1867, by which Mrs. Helen M. Key, then the owner of this land, in consideration of her natural love and affection for her great nieces, Virginia A. Bullitt and Helen Bate, who were daughters of Dr. Henry M. Bullitt, conveyed said property to Dr. Bullitt, in trust for his said daughters.

The *habendum* clause of said deed reads as follows:

"To have and to hold during the term of his natural life in trust, nevertheless, to pay over the rents and profits arising therefrom in equal proportions yearly to the parties of the third part, and he, shall have power in his discretion to sell and convey in fee the property herein mentioned, but in such case the proceeds arising from said sale shall be reinvested by him in other real estate for the same uses and trusts as are herein declared and imposed. And at the death of the party of the second part said property shall vest during the term of their natural lives, in the parties of the third part as tenants in common, but for the sole and separate use of said parties and to the exclusion of any interest or control over the same by any husband which either of them has or may have. And at the death of such parties respectively their interest, to-wit, one-half each shall vest in fee simple in their heirs, and subject to the direction of the Louisville Chancery Court, they shall have power to sell and convey in fee their respective one-half interests in the property, but in such case, the proceeds shall be reinvested in real estate upon the same trusts as are herein imposed, with covenant of general warranty."

Virginia A. Bullitt married John Cood; and in 1876, in consideration of $2,500 paid by John Cood to Dr. Bullitt, he and Helen Bate and her husband conveyed the property in question to Virginia A. Cood, she and her husband joining in the deed for the purpose of relieving Dr. Bullitt from any liability to them which he might incur by reason of the conveyance. It is insisted that the deed of 1876 from Dr. Bullitt and Mrs. Bate to Mrs. Cood was ineffectual, because it did not name Dr. Bullitt as trustee, anl there being nothing in the deed to indicate that it was made in the execution of the power vested in him under the deed of 1867. The deed from Dr. Bullitt to Mrs. Cood makes no mention of the power of sale or of the capacity in which Dr. Bullitt executed the deed. This, however, is not necessary, since the rule is, that if the instrument executed would be ineffectual, or a mere nullity except it be an execution of the power, then it is a good execution of the power.

In Hankins v. Columbia Trust Co., 142 Ky., 209, we quoted, with approval, the following language of Judge Story from the leading American case of Blagge v. Miles, 1 Story, 426, wherein he laid down the three general rules, which, if followed, would amount to a good execution of a power:

"Three classes of cases have been held to be sufficient demonstrations of an intended execution of a power: (1) Where there has been some reference in the will or other instrument, to the power; (2) or a reference to the property, which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument executed by the donee of the power would otherwise be ineffectual or a mere nullity—in other words, it would have no operation, except as an execution of the power."

The case at bar falls within both the second and third classes, since it refers to the property, and the deed would be ineffectual, except as an execution of the power vested in Dr. Bullitt.

The rule is formulated in 31 Cyc., 1122, as follows:

"In the execution of a power, a direct reference to the power is not necessary, nor is it necessary that the intention to execute it should expressly appear upon the face of the instrument; but it must be apparent that the transaction is not fairly or reasonably susceptible of any other interpretation than as indicating an intention to execute the power; and this intention is to be collected from all the circumstances."

See, also, Thomas v. Wright, 23 Ky. L. R., 2183, 66 S. W., 993.

2. The second objection is that Dr. Bullitt, as trustee, had no right to sell or convey the property to Virginia A. Cood, the life-tenant, and thus defeat the remaindermen. It must be borne in mind, however, that the effectiveness of the deed depends upon the power of the grantor rather than upon the result that might be brought about by a lawful execution of the power. If Dr. Bullitt had the power under the terms of the deed of 1867 to convey the property to Mrs. Cood as he did in 1876, the discussion is at an end, since it would be a vain thing to say he had the power, but could not legally exercise it.

In Mandel v. Fidelity Trust Co., 128 Ky., 239, William P. Calvert conveyed land to a Trustee, in trust for the sole and separate use of his wife, Mary Elizabeth Calvert, during her life, with remainder to her children, the deed containing this proviso:

"That if at any time during my life, my said wife wishes to sell or dispose of said property in any way, she can do so, and her deed to the same shall be good and binding on all persons claiming the same, hereby investing her with full power to dispose of said property hereinafter set out, as she may wish, and to dispose of the proceeds of the same as she may wish, provided she dispose of said property during my life, and all this she may do without the consent or approbation of the said trustee or any trustee she may have."

In the exercise of this power, Mrs. Calvert conveyed the property to Henrietta Goodall, who, in turn, and on the same day, reconveyed the property to Mrs. Calvert in fee simple. The question was, whether or not she had the right to make such a conveyance and thus defeat the remaindermen, who were her own children. In sustaining her conveyance, we said:

"Under this power she had the absolute right to sell the property as she did, and her reasons for so doing are not open to inquiry, since she was acting clearly within the power given her in the deed of trust. Granting that the contention of appellants is correct, that this deed which she and her husband made to Henrietta Goodall was made for the sole purpose of defeating the trust and investing her with the fee simple title to the property in question, still it cannot be said that by so doing she was perpetrating a fraud upon the remaindermen, because

any act done by her in the exercise of the power would have destroyed the right of the remaindermen. If she had sold the property to any one else for a valuable consideration, the right of the remaindermen would have been destroyed, just as completely as it was by her conveyance to Henrietta Goodall, and having it again conveyed to her subject to no limitation. The remaindermen had no interest whatever in the property unless she failed to exercise the power.''

See, also, Lillard v. Robinson, 3 Litt., 415; Dumesnil v. Dumesnil, 92 Ky., 526; Dudley v. Weinhart, 93 Ky., 401; Hosman v. Willet 32 Ky. L. R., 906, 107 S. W., 334; Funkhouser v. Porter, 32 Ky. L. R., 675, 107 S. W., 202.

3. It is insisted that the title is defective because it has not been affirmatively shown that the $2,500 paid by John Cood as purchase money for this land was reinvested by Dr. Bullitt. It was not necessary to show the reinvestment.

Section 4846 of the Kentucky Statutes expressly provides, that the purchaser shall not be bound to look to the application of the purchase money, unless he is expressly required so to do by the conveyance or devise. This statute was in force in 1867, and has remainded the law of Kentucky ever since. Stanton's Rev. Sts. (1860), Vol. 2, Chapter 106, Section 23.

In the recent case of Stevens v. Smith, 124 Ky., 780, this question was discussed at length by this court, together with the question as to the right of the life-tenant to exercise the power of sale, and thereby cut off the remaindermen. In that case the deed gave Smith the trustee power to sell the land, provided the purchase money was re-invested in other lands to be conveyed to and held by Smith during his life, and after his death to his children. Smith exercised the power, but did not reinvest the purchase money, and his children brought suit to recover the property from Smith's vendee; but this court held that the children could not recover, as it was not the duty of the purchaser of the property to look to the application of the purchase money, and their only relief was against Smith.

After reviewing the Kentucky authorities upon the question, we reached this conclusion:

''These opinions control the case before us. It was manifestly the purpose of the statute to change the common-law rule and to render titles more safe. It is in line with the modern tendency favoring the sale of land

and the vesting of absolute titles. The language of the statute is that the purchaser shall not be bound to look to the application of the purchase money unless so expressly required by the conveyance or devise. This literally means that the purchaser is not bound to look to the application of the purchase money unless he is expressly required to do so by the conveyance or devise. Since the statute was enacted, in order to charge the purchaser with the application of the purchase money, it must be expressly provided in the deed or devise that he is to see to the investment of the purchase money, or there must be other language therein expressly imposing this duty upon him. See Magowan v. McCormick, 10 S. W., 632, 10 Ky. Law Rep., 753. In the case at bar there is nothing in the deed requiring the purchaser to look to the application of the purchase money. The duty of reinvesting the purchase money devolved upon Geo. W. Smith, and the purchaser was not affected under the statute by Smith's failure to reinvest the proceeds of the sale as directed by the deed.''

4. Finally, it is contended that the title is defective because the heirs of Mrs. Cood and Mrs. Bate, who might have had an interest in this land if the power had never been executed by Dr. Bullitt, have not been made parties to this action, and that appellee's title is questionable until their rights have been formally adjudicated. The fallacy of this argument lies in the fact that it assumes as true, that these designated heirs have an interest in this land, or that that question can only be conclusively determined against them in a judicial proceeding, to which they are parties. The Code requires only parties in interest to be made parties to an action; and, if the power of sale given Dr. Bullitt was valid, and was lawfully exercised, these remaindermen have no interest in the property in question, and are not, therefore, either necessary or proper parties. This precise question was raised in Dumesnil v. Dumesnil, *supra,* where the deed of trust conferred a life estate upon Mrs. Dumesnil, with remainder to her children, provided Antoine Dumesnil, her husband, did not exercise his power of appointment. He did exercise the power; and, it having been objected that the children of Mrs. Dumesnil were necessary parties to the suit, we said:

''It is said, as the petition shows the appellees have children, there was a defect of parties. If, however, the power of appointment in the father was valid then, owing

to its exercises, they had no interest, and were therefore, not necessary parties.''

Upon the record before it, the court is competent to decide and determine whether Dr. Bullitt lawfully exercised the power of sale vested in him; and, that being true, it is not necessary to bring in parties who, under our construction of the deed, have no interest under it. To hold otherwise, would mean that when this court is called upon to construe a deed of trust, it is necessary to bring in to the case any and all persons who might make a claim to the property, whether it be sound or fantastic, in order to perfect the title. This is not the rule. On the contrary, only those who have an interest in the property under the construction that may be given the deed are necessary parties. If, in bringing an action to construe a deed, the pleader should omit to bring into the case persons having an interest therein under the construction the court might give to the deed, his suit would fail for that reason; but, where the court holds that he has brought in all the parties who have an interest, the result would be entirely different.

The chancellor properly held Mrs. Cood's title to be good, and his judgment is affirmed.