LEE A. DENSON AND WIFE, JEANIE SAUNDERS DENSON, v. PINE STATE CREAMERY COMPANY.

(Filed 17 February, 1926.)

**Wills—Trusts—Power of Sale—Deeds and Conveyances—Intent—Investment of Proceeds of Sale.**

Where it is expressed in a will that the trustee therein appointed shall have unrestrained power to sell lands of the estate, and invest and reinvest the proceeds without requirement on the part of the purchaser to see to the proper application of the funds, it is not required of the trustee in conveying the lands to expressly refer to the power contained in the will, if it clearly appears from the interpretation of the conveyance that it was the intent to make the deed thereunder, and the grantee therein for value gets a clear title when such intent appears, though the proceeds of sale are not invested in conformity with the trusts imposed.

APPEAL by defendant from *Midyette, J.,* at Second November Term, 1925, of WAKE. Affirmed.

This is a controversy without action. It concerns the will of Jane Claudia Johnson, who died 10 March, 1900. The will is duly exemplified and recorded in Wake County, Record of Wills, Book D, at p. 341, *et seq.* Two items of the will, six and ten, are involved in the controversy.

Bradley S. Johnson, trustee, and individually, on 15 September, 1916, executed and delivered a deed to certain land in fee simple, to plaintiff, Lee A. Denson, in consideration of $3,000. Bradley S. Johnson did not account for or reinvest any part of said three thousand dollars ($3,000) as belonging to the trust estate created by item six of said will of his mother. The land is part of the land set forth in items six and ten of Jane Claudia Johnson's will. The deed is recorded in the register of deeds office of Wake County, in Book 307, p. 271. The defendant, for $11,000 contracted and agreed to purchase from Lee A. Denson a part of the land deeded Lee A. Denson by Bradley S. Johnson, trustee and individually, but has refused to perform its contract, contending that Lee A. Denson did not have a fee-simple title to the land that it agreed and contracted to purchase. This action is brought to determine if Denson could convey the defendant a fee-simple title.

There is no controversy that as to the land devised under item 10 of the Johnson will, Bradley S. Johnson had a right to convey to Lee A. Denson a fee-simple title, it is contended that as to the land in item 6, if he had a right, the power given by the will was not exercised as required by law.

Item 6 of the will is as follows: "I devise to my son, Bradley S. Johnson, and his heirs, the two lots on which my brother Col. William J. Saunders has for years resided in Raleigh, North Carolina, in trust for the use of my said brother and wife, during their lives, and for the use of the survivor, and after the death of the survivor, for the use of my niece Jeanie C. Saunders, with power to said trustee to sell and reinvest the same, whenever he shall think best, and direct also that this trust shall not be destroyed nor executed so as to divest, and for the purpose of perfecting and preserving it, I direct that on the death of my niece, Jeanie, without issue living at the time of her death the said property shall pass to my grandson and his right heirs. And I direct that the said property after the death of my brother and his wife, shall be held by the said trustee for the sole use of the said niece free from the control of any husband she may have and without liability for his debts or contracts, and with power to her to devise the same by last will, but if she die intestate and without issue surviving her, then the property is to pass to my grandson and his right heirs as above directed."

The material part of item 10, is as follows: "I give, devise and bequeath all the rest and residue of my property of every description, and wheresoever situate, over which I have any power or testamentary con-

trol, whether by virtue of the provisions of any deed or independent of any such provisions, to my son, Bradley S. Johnson, his heirs, executors and administrators, in trust," etc. . . . "And in order that the said trust may better be carried into effect, I hereby authorize and empower my said son as such trustee, to sell and convey the whole or any part of the property so devised and bequeathed to him in trust, for the purpose of investment or reinvestment, with the consent of my said husband without liability on the part of any purchaser to see to the proper application of the purchase money. And from and after the death of my said husband, it is my will that the said trust shall cease, and the said property and any interest or investment thereof, freed of the said trust, shall pass to and devolve upon my said son, Bradley S. Johnson, if then alive, in fee simple as to the realty, and absolutely as to the personalty; and if not then alive, it is my will that the same shall pass to his heirs at law, distributees and next of kin." That Bradley T. Johnson, the husband of the said Jane Claudia Johnson, mentioned in the said will, died on or about 14 February, 1903. That William J. Saunders, mentioned in said will died on or about 16 November, 1906; and his wife died on or about 10 January, 1913; and that their niece Jeanie C. Saunders, mentioned in item six of said will is now the wife of the said Lee A. Denson and is a plaintiff in this action. That Bradley S. Johnson, the trustee named in the sixth and tenth items in said will, died on or about 10 May, 1917, after having made the deed to Lee A. Denson on 15 September, 1916. His son, Bradley T. Johnson, and who is the grandson referred to in item six of the will, became the trustee under said item six of the will, and thereafter, by authority of a special proceeding before the clerk of the Superior Court of Wake County, said Bradley T. Johnson resigned as trustee and Claude B. Denson was appointed trustee under said item six of said will.

The court below rendered the following judgment: "This controversy without action duly coming on to be heard and being heard before the undersigned judge, the court is of the opinion and finds and adjudges that the deed in controversy conveyed a good title to Lee A. Denson and that the deed tendered by the plaintiffs to the defendant is a good and sufficient deed to convey the land therein described to the defendant in fee simple; and that the defendant be, and it is required to accept said deed and pay to the plaintiffs the purchase price of $11,000."

The defendant excepted to the judgment, assigned error and appealed to this Court. The material language in the Bradley S. Johnson deed to Lee A. Denson, will be considered and set forth in the opinion.

*Robert N. Simms for plaintiffs.*
*Biggs & Broughton for defendant.*

CLARKSON, J. It is contended by defendant that the deed from Bradley S. Johnson, individually and as trustee, to plaintiff Lee A. Denson, did not convey a perfect title for any lands which passed to Bradley S. Johnson, trustee, by virtue of item 6 of the will, for the reason that the said land does not refer to the power under the will conferred by item 6. In item 10, the trustee is given power to sell and convey *"the whole or any part"* of the property, "without liability on the part of any purchaser to see to the proper application of the purchase money." While in item 6, the sole provision is "with power to said trustee to sell and reinvest the same whenever he shall think best." Bradley S. Johnson did not account for or reinvest the fund under item 6.

The pertinent portions of the deed showing the exercise of power in the deed to Lee A. Denson, as to the land in item 6, are as follows:

(1) "This deed made this 15 September, 1916, by Bradley S. Johnson and wife, Nannie R. Johnson, and *Bradley S. Johnson, trustee, under the will of Mrs. Jane Claudia Johnson,* of Goochland County, Virginia, parties of the first part, and Lee A. Denson, of Raleigh, Wake County, North Carolina, party of the second part":

(2) "Witnesseth: That the said Bradley S. Johnson and wife, Nannie R. Johnson and *Bradley S. Johnson, trustee, under the will of Mrs. Jane Claudia Johnson,* in consideration of one hundred dollars and other valuable considerations," etc.

(3) "Being lots one, two, three, four and five, and the irregular shaped alleyway, shown on the map, survey and plat of R. G. Ball, engineer, recorded in Book of Maps, 1915, at page 40, in the office of the register of deeds of Wake County, *and being part of the lands devised to Bradley S. Johnson and Bradley S. Johnson, trustee, under the will of Mrs. Jane Claudia Johnson* in Book D, at page 341, register of deeds office of Wake County."

(4) "In testimony whereof, the said Bradley S. Johnson and wife and *Bradley S. Johnson,* trustee, have hereunto set their hands and seals the day and year first above written.

BRADLEY S. JOHNSON (Seal)<br>
NANNIE R. JOHNSON (Seal)<br>
BRADLEY S. JOHNSON, <i>Trustee.</i> (Seal)"

Under item 10 of the Jane Claudia Johnson will, Bradley S. Johnson was the owner in fee of the land at the time he conveyed a part of the land willed to him under item 10 to Lee A. Denson—he did not have to exercise the power contained in that item. The trust had ceased, and he was the fee-simple owner of the land. There can be no contention that Lee A. Denson has from the deed of Bradley S. Johnson and wife, Nannie R. Johnson, a fee-simple title to this land. He could only convey

the land under item 6 to Lee A. Denson, under the power and authority given in item 6. Did he do this? We are of the opinion that he did. We think the above excerpts from the deed show a clear intention. The fact that he conveyed it as trustee shows that the power under item 6 was exercised. In fact, under item 6, he could only convey as trustee. In item 10 he could only convey as an individual. In the deed he distinctly recites in three places *"Bradley S. Johnson, trustee under the will of Mrs. Jane Claudia Johnson."* He also defined the land as "being part of the land devised to Bradley S. Johnson and Bradley S. Johnson, trustee," etc. Any other construction would make these words surplusage, senseless and meaningless.

Perry on Trusts, vol. 2 (6 ed.), part sec. 511c, lays down the well accepted rule: "The donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear,— (1) When there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate; and (3) *where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power."* (Italics ours.)

*Mr. Justice Story,* in *Blagge v. Miles,* 1 Story, 426, lays down the following rule: "The main point is to arrive at the intention and object of the donee of the power in the instrument of execution, and that being once ascertained, effect is given to it accordingly. If the donee of the power intends to execute, and the mode be in other respects unexceptionable, that intention, however manifested, whether directly or indirectly, positively or by just implication, will make the execution valid and operative. I agree that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful, under all the circumstances, then that doubt will prevent it from being deemed an execution of the power. All the authorities agree that it is not necessary that the intention to execute the power should appear by express terms or recitals in the instrument. It is sufficient that it should appear by words, acts or deeds demonstrating the intention."

This position of *Mr. Justice Story* is followed by the Supreme Court of the United States, in *Warner v. Conn. Mutual Life Ins. Co.,* 109

U. S., 357, *Matthews, J.,* speaking to the question; *Willier et al. v. Cummings et al.,* 91 Neb., 571; *Funk v. Eggleston,* 92 Ill., 515.

*Ashe, J.,* in *Taylor v. Eatman,* 92 N. C., p. 607, says: "As a general rule, in executing a power, the deed or will should regularly refer to it expressly, and it is usually recited; yet it is not necessary to do this, if the act shows that the donee had in view the subject of the power at the time. 2 Washburn on Real Property (4 ed.), 658." *Siler v. Ward,* 4 N. C., 161; *Exum v. Baker,* 118 N. C., 545; *Kirkman v. Wadsworth,* 137 N. C., 453; *Carraway v. Moseley,* 152 N. C., 351; *Matthews v. Griffin,* 187 N. C., 599.

*Brown, J.,* in *Kadis v. Weil,* 164 N. C., p. 87, speaking to the subject, says: "The contention of the defendant that it was the duty of the plaintiff to see to the application of the proceeds derived from the sale to him, and see that the same was reinvested in real estate by the trustee, cannot be sustained. It was so held in England, but is not the law here as to a bona fide purchaser for value. *Hauser v. Shore,* 40 N. C., 357; *Whitted v. Nash,* 66 N. C., 590; *Grimes v. Taft,* 98 N. C., 198; *Hunt v. Bank,* 17 N. C., 60; 39 Cyc., pp. 378 and 379; A. & E. (2 ed.), vol. 28, pp. 1130 and 1131."

The language in item 10 relieving the purchaser from liability to see to the application of the purchase money, construed with item 6, does not change the law that a bona fide purchaser for value is not required to see to the application of the purchase money when the sale was made under the power conferred in item 6.

From the record, the judgment of the court below is
Affirmed.