STACY, C. J., dissenting.
BARNHILL and WINBORNE, JJ., concur in dissent.
The Industrial Realty Company, a North Carolina corporation, was granted a charter on 15 December, 1924, and amongst other things had power to engage generally in the real estate business. Some time thereafter in a deed filed for registration on 15 May, 1925, G. A. Marsh and wife conveyed to "Industrial Realty Company, a Corporation, as Trustee," a large number of lots, including the lot which is the subject of this controversy. Thehabendum clause and succeeding clause are as follows:
"TO HAVE AND TO HOLD the aforesaid lots of land, together with all the privileges and appurtenances thereunto belonging, to the party of the second part, as trustee, its successors and assigns, upon the trusts and for the uses and purposes following and none other, that is to say:
"The party of the second part shall have, and is hereby granted the power, in its own name, to dispose of all or any part of the said lots from time to time hereafter, and to execute and deliver to purchasers good and sufficient deed, with full covenants and warranties; . . ." *Page 552 
Thereafter, by deed filed for record 5 September, 1925, Industrial Realty Company conveyed the locus in quo to T. A. Ratcliffe and wife. In this deed the word "trustee" does not appear, and it is not executed or acknowledged as trustee, but it contains full covenants and warranties and purports to convey the lot in fee simple. It is not contended that Industrial Realty Company had any interest in or title to the lot other than that passed by the Marsh deed. Plaintiffs acquired the lot by mesne
conveyances and are now the owners thereof in fee simple, subject only to the claim of the defendants as involved in this litigation.
Thereafter, by deed recorded 26 May, 1926, the Industrial Realty Company, notwithstanding the previous conveyance of the lot to Ratcliffe and wife, again conveyed the same lot to Mrs. J. Nowfall, the defendant. In this deed the word "trustee" appears after the name of "Industrial Realty Company," and there is a reference to the lot as being the same lot conveyed by G. A. Marsh and wife by deed duly recorded. This deed contained full warranties, was executed "Industrial Realty Company, Trustees," and so acknowledged.
In the latter part of 1940, the plaintiffs, attempting to borrow money to build on the lot, discovered for the first time that defendant, Mrs. Nowfall, claimed the lot. Both plaintiffs and defendant have paid taxes on the lot since 1926. Neither has been in occupancy.
Plaintiffs brought this action under C. S., 1745, to quiet title to the property and remove the cloud cast upon it by the claim of defendants. The matter was heard before Special Judge Hamilton at March Extra Term of Mecklenburg Superior Court, and from a judgment of nonsuit plaintiffs appealed. The exception is to the signing and entry of the judgment of nonsuit, and no other question is involved in the appeal.
The question before the Court is clear cut: Was the conveyance by Industrial Realty Company to T. A. Ratcliffe and wife effectual in conveying the title to the lot in controversy, notwithstanding the omission of the word "trustee" in any part of it, as against the subsequent deed made by the corporation to Mrs. Nowfall for the same lot, executed and acknowledged as "trustee"? Strictly speaking, the only question is as to the validity and effectiveness of the deed to Ratcliffe and wife in passing title to the property.
On the various phases of the underlying subject — that is, the exercise of the power contained in a will or deed — much has been written. The tendency to get away from the more technical rules, which would in many instances destroy the attempted execution of the power, and apply *Page 553 
more liberal rules which would sustain it, has been constant and marked. This tendency is noted with approval in Matthews v. Griffin, 187 N.C. 599,601, 122 S.E. 465, 466, in which Justice Hoke, speaking for the Court, says: "While some of the earlier decisions were more strict in their requirements that in order to the validity of instruments executed by persons having a power of appointment, express reference to the power should be made, a more liberal rule prevails in the later and authoritative cases on the subject, and it is now generally accepted that the question is largely one of intent, and the instrument will be upheld as a valid execution of the power where, on its entire perusal, the intent to exercise the power can be plainly inferred, and that pertinent facts in pais may be resorted to in aid of such interpretation. . . ." In Blagge v. Miles, 1 Story, 426, Fed. Cas. No. 1,479, Judge Story lays down the following rules as comprehending a sufficient execution of the power: "Three classes of cases have been held to be sufficient demonstrations of an intended execution of power: (1) Where there has been some reference in the will or other instrument to the power; (2) or a reference to the property which is the subject on which it is to be executed; (3) or where the provision in the will or other instrument executed by the donee of the power would otherwise be ineffectual or a mere nullity — in other words, it would have no operation, except as an execution of the power." This is adopted by our Court in Carraway v. Moseley, 152 N.C. 351, 67 S.E. 765, inipsissimis verbis, and numerous authorities are cited in support of the position. In Henriott v. Cood, 153 Ky. 418, 155 S.W. 761, in which the foregoing opinion of Judge Story is quoted, the Court, speaking directly to the point at issue, said: "It is insisted that the deed of 1876 from Dr. Bullitt and Mrs. Bate to Mrs. Cood was ineffectual, because it did not name Dr. Bullitt as trustee, and there being nothing in the deed to indicate that it was made in the execution of the power vested in him under the deed of 1867. The deed from Dr. Bullitt to Mrs. Cood makes no mention of the power of sale, or of the capacity in which Dr. Bullitt executed the deed. This, however, is not necessary, since the rule that if the instrument executed would be ineffectual or a mere nullity, except it be an execution of the power, then it is a good execution of the power."
There is a sufficient reference in plaintiff's deed to identify the property as that covered by the power, since in the Marsh deed to the Industrial Realty Company it is described by reference to the recorded map of Westview, and as "Lots 1 through 13 inclusive, in Block 2"; and the deed of the company to Ratcliffe describes the lot as "Being Lot No. 4 of Block No. 2, Westview, a map of which is duly recorded in Map Book 3, page 171, in the office of the Register of Deeds for Mecklenburg County."
Authorities seem to be in agreement that where the donee of the power has no interest in the property conveyed, and the deed would otherwise *Page 554 
be ineffectual, it will operate as an execution of the power. This comes under the third rule laid down by Judge Story in Blagge v. Miles, supra, and the principle has been repeatedly approved in leading cases here and elsewhere.
In Exum v. Baker, 118 N.C. 545, 24 S.E. 351, a commissioner omitted the word "commissioner" after his name in the execution of a deed, although that word appeared in the body of the instrument. But decision does not turn upon the presence of this word in the instrument. Said the Court: "When the donee of a power to sell has an interest of his own in the property affected by the power, and makes a conveyance of the property without reference to the power, the construction is that he intends to convey only what he might rightfully convey without the power. Towles v.Fisher, 77 N.C. 437, and the authorities cited by counsel in that case. 4 Kent, 334, 335. When, however, the donee has no interest in the subject of the conveyance, but only a naked power, as in the case before us, then the intent apparent upon the face of the instrument to sell would be deemed a sufficient reference to the power to make the instrument an execution of it, as the words of the instrument could not be otherwise satisfied. Silerv. Ward, 4 N.C. 161."
The reference to "intent apparent upon the face of the instrument to sell" is explained by reference to 1 Sugden on Powers, 460, quoted by Brown,J., in the opinion of the Court in Kirkman v. Wadsworth, 137 N.C. 453,49 S.E. 962, as follows: "An intent apparent upon the face of the instrument to dispose of all of the estate is deemed a sufficient reference to the power to make the instrument operate as an execution of it, inasmuch as the words of the instrument could not be otherwise satisfied." This is expressed in Bank Commissioner v. Theatres, Inc., 210 N.C. 346, 348,186 S.E. 345, 346, as follows: "The intent to convey in exercise of the power is manifest from the execution of a deed in fee simple with full covenants of warranty." Matthews v. Griffin, supra, is cited and quoted with approval.
In Kirkman v. Wadsworth, supra, Brown, J., speaking for the Court, says: "Caroline Merkell has no interest or estate whatever in the property conveyed to Mitchell, except what was given her in the deed creating the power. Having no estate whatever in herself that can satisfy the terms of that deed, when she and her husband and trustee executed it, for a valuable consideration in fee and with full warranty, she manifested a most unmistakable purpose to convey under the power given her, and to its full extent."
The nub of the matter is struck by the comprehensive statement in Tiedeman on Real Property, p. 569: "The courts have of late years so far relaxed the rule as to construe the instrument to be, by necessary intendment, a good execution of the power, if it cannot operate in any *Page 555 
other way, notwithstanding the deed or will purports to dispose only of individual property of the donee." Of course, if the deed had any internal reference to a power, or representative capacity of the grantor, or was signed as "trustee," it would not "purport to dispose only of individual property of the donee" — that is, the grantor of the property, and the reference is obviously to a deed where all these indicia of the execution of a power are absent, adopting the common sense view that the conveyance was by virtue of the only power the grantee had to make it, and could operate in no other way.
In all of the cited cases, and hundreds of others of similar import, the point at issue is whether the conveyance under review was actually made in execution of the power where nothing on its face indicated the existence of such power. The determination of that question has been referred to the intent of the grantor in numerous cases which we recognize as controlling,Taylor v. Eatman, 92 N.C. 601; Exum v. Baker, supra; Denson v. Creamery,191 N.C. 198, 203, 131 S.E. 581, 583; Thomas v. Wright, 66 S.W. 993, 23 Ky. L. Rep., 2183; Henriott v. Cood, supra; McCormick v. Security TrustCo., 184 Ky. 25, 211 S.W. 196; Greenway v. White, 196 Ky. 745,246 S.W. 137; Tiffany, Law of Real Property, 3rd Ed., sec. 699, and it is uniformly held that such intent may be inferred from the circumstances surrounding the transaction, 31 Cyc., 1122; Johnston v. Knight,117 N.C. 122, 23 S.E. 92; Kirkman v. Wadsworth, supra; Thomas v. Wright,supra, and even from matters in pais, Matthews v. Griffin, supra. As early as 1790, Judge Seawell, speaking for the Court in Hendricks v. Mendenhall,4 N.C. 371, 374, gave the following expression to this principle: ". . . though the form of executing may not suggest the execution of a power, yet the purpose of the act done can only be explained by resorting to the power; and the maxim is, that it is immaterial whether the intention be collected from the words used or the acts done. Quia non refert aut quisintentionem suam declaret, verbis, aut rebus ipsis vel factis." There are two circumstances here which point inevitably to the intention to execute the power conferred in the Marsh deed: the lot was the same, by reference in the deed itself, as that conveyed in the Marsh deed creating the power; and the Industrial Realty Company had no interest in it, but only the naked power to convey. We think the conclusion is inescapable that the Ratcliffe deed was made in the intended execution of the power theretofore conferred, and we are of opinion that justice does not require us to defeat that purpose by the interposition of technicalities long ago discarded.
The suggestion that a deed of this kind is good only inter partes is contrary to the decisions here and elsewhere dealing with the subject. Also, in the very full discussion of the force and effectiveness of deeds *Page 556 
in execution of powers and naked trusts, we find no instance in which a deed of this character has been so restricted. Uniformly they are given an equal rank with other valid conveyances of title and are protected as a muniment of title in the hands of one who holds by mesne conveyances therefrom. In Kirkman v. Wadsworth, supra, the suit was between parties who, as here, held by mesne conveyances from a common source. A similar situation is found in Taylor v. Eatman, supra; Exum v. Baker, supra;Carraway v. Moseley, supra; so in Henriott v. Cood, supra; and in Blagge v.Miles, supra. The conveyance does not work by estoppel but by conveyance of the title and there is nothing about such a deed per se that would prevent the effective transmission of the title so acquired to other holders.
We must therefore assume that the objection advanced relates solely to the theory that the deed, because of the mode of its execution, is not capable of being registered so that the index may show that it was executed as the act of a trustee. See cases supra.
There was no suggestion in the oral argument or in the briefs which have been filed with us that the deed of Industrial Realty Company to T. A. Ratcliffe and wife might not be capable of registration so as to give notice, although a valid exercise of the power contained in the Marsh deed. Obviously a deed sufficient to convey title is sufficient to give notice of that fact when registered according to its tenor and in strict compliance with the indexing statute. It has been suggested, however, that the Court might notice this criticism, sua sponte, under the exception to the judgment.
The suggestion assigns to the index more than its proper function and burden, and deprives the instruments to which it points of any significance as to the notice they are legally supposed to convey. Incidentally, it may be noted that most of the cited cases from this jurisdiction arose long after our recording acts and indexing acts were in force; C. S., 3309, 3560, 3561. The question presented might have been raised a dozen times here and scores of times in other jurisdictions if it had been thought worthy of consideration. But the suggestion must be rejected on more positive grounds.
There is no law requiring that the cross index shall show the capacity in which the grantor acted in the making or execution of a deed. The statute — C. S., 3561 — requires simply that the index "shall state in full the names of all the parties, whether grantors, grantees, vendors, vendees, obligors or obligees," etc. There is no question here that the names of the grantors and grantees in the deed of Industrial Realty Company to T. A. Ratcliffe were not indexed fully as they appear in the deed.
Our Court has held that the indexing is an essential part of the registration: Fowle v. Ham, 176 N.C. 12, 96 S.E. 639; Dorman v.Goodman, 213 N.C. 406, 196 S.E. 352; but it has never been held, of *Page 557 
course, that it is all of it. The function of the index is to point to the book and page where the recorded deed may be found: Thomas v. Wayne County,214 Mich. 72, 182 N.W. 417; Bishop v. Schneider, 46 Mo., 472; Green v.Garrington, 16 Oh. St., 549; Maxwell v. Stuart, 99 Tenn. 409,42 S.W. 34. It is the instrument itself, thus pointed out, which gives the notice (C. S., 3309); and that notice includes all that reasonable inquiry may disclose; Dorman v. Goodman, supra. And it is constructive notice thereof, whether an intending purchaser sees fit to resort to the record or to ignore it.
While, as we have seen, there is no question here that the names of grantors and grantees in the deed of Industrial Realty Company to Ratcliffe or in the other deeds involved, are not given in the cross index exactly as they are given in the deeds, we cite the following cases which express the rational view this Court has taken of the purpose and proper use of the index and the obligation it places upon subsequent purchasers or intending purchasers.
In West v. Jackson, 198 N.C. 693, 153 S.E. 257, the questioned deed was indexed as to the grantors. "Jesse Hinton and wife." Nora Hinton, who held with Jesse the estate by the entirety, was not named. We note that the statute (C. S., 3561) requires that the index "shall state in full the names of all the parties, whether grantors, grantees, vendors, vendees, obligors or obligees," etc.
The Court said, "The record in the case at bar discloses that the name of the wife, Nora Hinton, actually appeared in the deed from Lee and wife to Jesse Hinton and wife, Nora Hinton. In abstracting the title of Nora Hinton the first inquiry would necessarily be, where did Nora Hinton get the land? The record would have disclosed that Nora Hinton and her husband, Jesse Hinton, were tenants by the entirety. The records would have further disclosed that Jesse Hinton and wife had executed a deed of trust to Clifford, trustee." The principle followed is made clear by the quotation from Ely v. Norman, 175 N.C. 294, 95 S.E. 543: ". . . an index will hold a subsequent purchaser to notice thereof if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the instrument would have been found."
Similarly, in Ins. Co. v. Forbes, 203 N.C. 252, 165 S.E. 699, the questioned registration showed that the deed was indexed and cross-indexed, "Tucker, S.D., et ux., to F. J. Forbes, trustee." The deed was held sufficient under the rule of reasonable notice and inquiry laid down inWest v. Jackson, supra, although the land belonged to Emma J. Tucker and she had subsequently conveyed it.
In the instant case, any reasonable search, with the aid of the existing index, would have disclosed the deeds constituting the title of Mrs. Tocci *Page 558 
down to its source, through the identical description of the property conveyed and the index names of grantors and grantees.
It is suggested that Dorman v. Goodman, supra; Woodley v. Gregory,205 N.C. 280, 171 S.E. 65; and Eaton v. Doub, 190 N.C. 14,128 S.E. 494, in some way support the theory that the deed of Industrial Realty Company to Ratcliffe and wife could not be indexed so as to give notice. They do not support the position; in fact, none of them is related to the subject. In Dorman v. Goodman, supra, the name of the grantor was indexed under the name of "J. L. Crowell" instead of "J. Frank Crowell," who was the real grantor. Upon that same index there were more than one hundred deeds properly indexed under the name of J. L. Crowell.
In Woodley v. Gregory, supra, reviewing registration under a family index (C. S., 3561), the grantees were indexed as "Adams, Lugenia, et al.,"
and in the subsequent deeds the grantors were indexed as "Adams, Lugenia, widow, et als.," whereas Lugenia had only an estate for life and Della Adams Gregory had the fee simple. The name of "Della Adams Gregory" appeared nowhere at all, either in this index or under the family name "Gregory."
In Eaton v. Doub, supra, the deed had not been registered or recorded at all in point of fact, and no attempt had been made to do so.
The cases refer specifically to the omission of the name of the grantor or grantee from the index, or to the general proposition that an unregistered deed is not notice to a subsequent purchaser — a proposition which no one questions.
We have been referring, of course, to the deed of the Industrial Realty Company to T. A. Ratcliffe and wife. As to Mrs. Tocci's deed from Ratcliffe, it is not contended that the registration of this deed is not sufficient to give notice to subsequent purchasers.
In innumerable wills and deeds power to convey land has been given without the attachment to the name of the donee of any words indicating an official or representative capacity, and they have been executed as simply and informally as they have been given. The rule contended for would destroy them all as effective executions of the power, notwithstanding the abundantly established rule to the contrary. We cannot strike down rules respecting the alienation of property which have been built up through more than one generation in the hope that the consequences will be confined to the instant case.
The making of the second deed to the same property was either an inadvertence on the part of the grantor or a fraud. In either event we see no reason in morals or in law why we should depart from long established principles to aid or confirm the transaction. The defendant, by proper investigation of the title as it appears upon the record, might have saved herself from loss and the plaintiff from expense. *Page 559 
Upon the record and admission, and upon the evidence, in which there is no material discrepancy, the appellant, Mrs. Tocci, holds the lot by validmesne conveyances from T. A. Ratcliffe and wife, and is the owner thereof in fee, and is entitled to have the claim of Mrs. Nowfall, who claims under a deed subsequently executed and subsequently recorded, removed as a cloud upon the title.
The judgment of the court below to the contrary effect is
Reversed.