# THOMAS PURSER.

*v.*

# JOHN C. SHORT.

WILLS—*sale by executors.* Where, by a will, the widow was invested with a life estate in certain lands of the testator, and the will also empowered the executors to sell the lands belonging to deceased, either at public or private sale, for cash, or on a credit, and the executors applied to the circuit court for leave to sell the interest of the widow, and the widow appeared and consented to the decree, and the lands were sold thereunder, upon objection that the decree was irregular and the sale under it void, it was *held,* although there may have been irregularities in the decree which rendered the sale void as to the interest of the widow, yet the deed of the executors, leaving out all reference to the decree therein, showing the capacity in which they executed the deed, as executors of deceased, was sufficient to pass the fee, subject to the life estate of the widow, under the power to them contained in the will—the pretended sale under the decree being regarded as not constituting a waiver of their right and power to sell under the will

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. E. S. TERRY, for the plaintiff in error.

Mr. O. L. DAVIS and Mr. J. B. MANN, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Defendant in error filed a bill in the court below, to compel partition of lands, and obtained a decree.

The patentee of the land in controversy, was Joseph Patterson. He conveyed to Isaac H. Alexander and Hezekiah Cunningham. Alexander died testate in 1837, leaving surviving him a wife and two children; the children were minors, and died during the same year.

The will of Alexander was duly proved, and it empowered the executors to sell and convey, either at public or private sale, his real estate. The will devised to the widow, during

her natural life, the interest of the testator in the land in question.

In 1839, the executors made application to the circuit court for an order to sell the interest of the widow. She appeared, filed an answer, and consented to the decree. A sale was had under this decree, and William P. Bryant was the purchaser.

Numerous objections are taken to the regularity of the decree, and sale under it.

It is wholly unnecessary to inquire into the validity of the decree, or the regularity of the sale.

The will contained this clause : "I hereby authorize and empower my executors to sell and dispose of all my real estate which I hold in fee simple, or otherwise, at private or public sale, either for cash or on a credit." The deed executed by the executors in 1839, to Bryant, contained the following : "We, Alexander McDonald and Isaac R. Moore, executors, &c., have granted, bargained and sold, and by these presents do grant, bargain, sell and convey, &c., unto said William P. Bryant, his heirs and assigns forever, the above described premises." The consideration was $228.87½.

Leaving out all reference to the decree contained in the deed, and still the fee was vested in Bryant by the deed of the executors. He held the land, subject to the life estate of the widow. Full power was given to sell and convey the fee ; this was effectually done. Upon the death of the widow, which occurred prior to the filing of this bill, the complete title was vested in the grantees of Bryant.

The evidence shows a regular chain of title, from Bryant to the defendant in error.

We do not consider, that the pretended sale under the decree, should be construed as a waiver of the right and power to sell under the will. It is our duty so to construe the acts of the executors, as to protect *bona fide* purchasers.

It seems, that the widow married Dr. Fithian, and in 1869 they conveyed their interest in the premises to plaintiff in error, for a mere nominal consideration. As we have said,

this interest was only a life estate, which terminated upon her death.

We think the evidence clearly proves, that the defendant in error is entitled to the undivided one half of the premises ; and as there are no errors in the record, the decree must be affirmed.

*Decree affirmed.*