FRANK WILLIER ET AL., APPELLANTS, V. JAMES CUMMINGS
ET AL., APPELLEES.

FILED MAY 29, 1912.    No. 16,716.

1. **Wills: CONSTRUCTION: POWER TO SELL HOMESTEAD.** If a testator, who has no real estate except his homestead, provides in his will that all of his debts shall be paid out of the personal property if that is sufficient, a provision in the will that if the personal property is not sufficient the executor is authorized "to sell so much of my real estate as may be necessary for that purpose" gives the executor power to sell so much of the homestead, subject to the life estate of the testator's widow, as may be necessary to pay the debts.

2. ———: **POWER OF SALE: RECITALS IN DEED.** It is not necessary to the validity of a deed, executed by the donee of a power to convey, that the intention to execute the power should appear by express terms or recitals in the instrument.

3. ———: ———: **EXECUTION OF POWER.** An executor with power under the will to sell the homestead of decedent, subject to the life estate of the widow, to pay the debts of the testator, applied to the district court for license which was granted; sale was made accordingly and confirmed by the court and the proceeds applied in payment of the debts. In these proceedings no reference was made to the power under the will. The sale of the homestead for such purpose being invalid without the power given by the will, and the executor having no personal interest in the real estate, it is *held* that such sale and deed are valid as an execution of the power.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Albert & Wagner,* for appellants.

*A. M. Post* and *W. N. Hensley, contra.*

SEDGWICK, J.

At the time of his death Daniel Schucker was residing with his wife and children on a homestead consisting of 80 acres of land, which it appears to be conceded was not

worth more than $2,000. He had no other real estate, and left a will which contained this provision: "I direct that all my debts and the expenses of administering my estate and funeral expenses be paid out of my personal property. If that be insufficient, then I authorize my executor to sell so much of my real estate as may be necessary for that purpose. Second, I give and bequeath to my wife, Maria Schucker, all of my property, both personal and real, during her lifetime, and in the event of her death, I direct that the balance and residue of my property be divided among my living children (naming them)." He left certain debts, and the executor of the will applied to the district court for license to sell 40 acres of land to pay the debts of the deceased. The license was duly granted and the land sold thereunder to defendant James Cummings. The sale was confirmed and deed ordered, which was duly executed and delivered. The plaintiffs, who are the residuary legatees under the will, brought this action in ejectment to recover the land. They were unsuccessful in the district court and have appealed. It is contended that the will should not be construed to authorize the sale of the homestead to pay debts; and, second, if it should, this sale was not made under the power given in the will, but under the statute which authorizes such sale only when the debts are a lien upon the land, and that such sale of the homestead is therefore void.

1. It is urged in the argument that the will is drawn from a form found in Maxwell's Justice Practice, and that the language was used inadvertently and without any intention to charge the homestead with the debts of the deceased. Several authorities are cited which hold that a recital in the will that the testator desires to have all of his debts paid will not have the effect to authorize the executor to sell the land for that purpose. It appears that at the common law the real estate of deceased was not subject to payment of his debts, and courts of equity then held that, if a will contained a devise of real estate with a recitation that the testator desired to have his

debts paid, such a recitation would be construed in equity to create a charge upon the land for that purpose. In this country, the real estate of the deceased being subject to the payment of his debts by statute, the recitation in the will that the testator desired to have his debts paid, or even the express provision that his debts should be a charge upon the real estate, would be without effect, because such expressions in the will would add nothing to the force of the statute and would therefore be meaningless; but, if the real estate is a homestead and is not under the statute liable for the debts of the deceased, and the testator has no other real estate, a provision in the will that the executor shall sell the real estate to pay debts is not meaningless. Our homestead act provides that the owner of the fee in the homestead may dispose of the same by will subject to the life estate of the surviving spouse, and this was the effect of the will in question. The manner of executing a will and its formal parts may be suggested by an approved form, but the granting clauses and the beneficiaries of the testator's bounty must be presumed to have been intended by the testator as they appear in the instrument itself. Lawyers do not depend upon forms in determining who shall be the beneficiaries under the will of the testator, and we cannot say that plain and unequivocal language like this was used inadvertently and refuse to give effect to the will of the deceased.

2. Neither the application for license to sell this real estate nor any other of the proceedings in that behalf contained any reference to the power of sale in the will. For this reason the plaintiffs contend that there was no intention on the part of the executor to execute the power, and that the deed is therefore void. The supreme court of the United States said, quoting from an opinion of the supreme court of Illinois: "All the authorities agree that it is not necessary that the intention to execute the power should appear by express terms or recitals in the instrument." *Warner v. Connecticut Mutual Life Ins. Co.,* 109 U. S. 357. In 2 Perry, Trusts (2d ed.) sec. 511c, it is

said: "The donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear: (1) When there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject-matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power. * * * If the grantor has no interest in the land, his deed will be insensible and mere absurdity, if not intended as an execution of the power, * * * if it refers to the subject matter of the power, or describes the land over which his power extends." Many authorities are cited by the author, and we have no doubt of the correctness of the rule so announced. In this case the donee of the power had no interest in the land, and his deed would have no operation if it was not the execution of a power. Indeed, the power which the court attempted to give him was precisely the power which the will gave him, and his deed as executor conveys the land as the will authorized him to do. The supreme court of Illinois so determined this precise question in a summary manner in *Purser v. Short,* 58 Ill. 477. Plaintiff's counsel cites some cases which appear to take a contrary view; among them, *Jay v. Stein,* 49 Ala. 514. The case was decided by a divided court, one of the three judges dissenting. In a later case language was used by that court which indicated a modification of their views. *Matthews v. McDade,* 72 Ala. 377.

For the reasons stated, the decree of the district court is right, and it is unnecessary to discuss the questions

that are raised in regard to adverse possession and the statute of limitations.

The judgment of the district court is

AFFIRMED.