### W. H. MATTHEWS v. B. H. GRIFFIN.

(Filed 23 April, 1924.)

**Wills—Power of Sale—Deeds and Conveyances—Intent—Evidence.**

> In order to make a valid conveyance of land devised with the power to sell without application to court, it is not now required that the devisee expressly refer thereto in her conveyance, if it is properly made to appear from the perusal of the entire deed that it was made in the exercise of the power conferred on her, or it can thus plainly be inferred therefrom, and pertinent matters *in pais* can also be resorted to in aid of this interpretation; and *Held,* further, the later deed of the devisee purporting to cure the supposed defect in the execution of the power by her former one would operate as an estoppel inuring to the grantee and those claiming title under him.

CONTROVERSY without action heard on case agreed before *Grady, J.,* at March Term, 1924, of WAKE, the controversy presented being that plaintiff, having conveyed in fee simple a parcel of land or lot in the city of Raleigh, and executed by deed with full covenants, seeks to recover on an installment note past due, and being part of purchase price for said lot. Defendant has refused to pay on the ground that

plaintiff's deed has conveyed no title, and there has been a breach of the covenants in plaintiff's deed of conveyance, defendant, however, admitting the obligation and his desire and intent to comply therewith, provided that plaintiff's deed conveys a good title to the lot. The court being of opinion that the title offered was a good one, there was judgment for plaintiff, and defendant excepted and appealed.

*B. L. Fentress for plaintiff.*
*J. Crawford Biggs for defendant.*

HOKE, J. From the facts properly presented it appears that the lot in question, specifically described in the formal statement, was formerly owned by Mrs. Bertha F. Rosenthal, who died in 1919, having made disposition of the same in her last will and testament, the portions of which directly pertinent to this controversy, being items 7 and 8 of said will, in terms as follows:

"Item 7. The rest and residue of my estate, consisting of real and personal property, money and securities, I give, devise and bequeath to my beloved husband, Gustave Rosenthal, and my daughter, Bertha Rosenthal, or the survivor of them, during their lives, or so long as the latter may remain unmarried. In case she marries she is to receive an equal amount of money with her sisters, and my husband, if living, shall remain in possession of the property described in this item during his life. If, however, she survives my husband and is unmarried at the time of his death, she is to remain in possession of said property, as provided hereinbefore, and after death, it is to be equally divided among my other children. In case of death of any of them, their child or children shall take their mother's place.

"Item 8. My husband and daughter Bertha, or the survivor of them, shall have power to sell any or all of the real estate or personal property herein mentioned without application to the courts, and invest the proceeds in good, interest-bearing securities."

That the husband, Gustave Rosenthal, died before the testatrix, and the daughter, Bertha Rosenthal, the other devisee named in items 7 and 8, survives the said husband and was unmarried at the time of his death. That the testatrix left her surviving, in addition to said Bertha, three other daughters, two of whom are married and have children, and these three daughters have conveyed by proper deeds all their interest in the property in controversy to their sister Bertha, the life tenant.

That on 5 November, 1919, Bertha Rosenthal, the devisee and life tenant, by proper deed, and for a consideration to the full value of the entire ownership, conveyed the lot to L. G. Richardson in fee simple

and by deed with full covenants. And thereafter said Richardson sold for full value and conveyed to W. H. Matthews, vendor of defendant, the said property, executing a deed therefor in fee with full covenants, etc. That said Matthews, on 29 December, 1922, sold said land to N. G. Carroll and B. H. Griffin, and conveyed same to said vendees by proper deed, and said B. H. Griffin, having acquired Carroll's interest by proper deed, has assumed the obligation for the purchase price, and admits owing the purchase-money note presently due, provided a good title to the property can be made.

It further appears that on 23 November, 1923, Miss Bertha Rosenthal, the life tenant and devisee under items 7 and 8 of the will, executed a full and formal deed to W. H. Matthews, vendor of defendant, conveying the property in fee and making full and formal recital and reference to the powers contained in the will, stating that her original deed was intended to be in proper execution of her powers under the will, the same having been for reinvestment, and that the full title for the fee-simple value for the property had been received, etc.

Upon these, the pertinent and controlling facts in the controversy, we must approve his Honor's ruling that there is no defect in the title as conveyed, and defendant must comply with his contract.

Under item 7 of the will it would seem that the ascertainment of those who are to take in remainder after the life estate of Miss Bertha Rosenthal is postponed till the death of the life tenant, thereby constituting a contingent remainder under the principles approved in *Thompson v. Humphrey,* 179 N. C., 44; *Latham v. Lumber Co.,* 139 N. C., 9, and other cases.

If this be the correct construction, the deeds of the other children of the testatrix would not operate to give full assurance of the title, for the contingency being due to the uncertainty of the person who is to take in remainder, if one of these children should die pending the life estate, leaving children, these, the grandchildren, would take directly from the testatrix, and the conveyance of the parent would be of no avail. Without definite decision of this question, however, because not necessary to a disposition of the case, we are of opinion that the title conveyed by the grantor, Matthews, is a perfect title under the deeds of Miss Bertha Rosenthal, the life tenant, with power under the will to convey in fee.

While some of the earlier decisions were more strict in their requirements that in order to the validity of instruments executed by persons having a power of appointment, express reference to the power should be made, a more liberal rule prevails in the later and authoritative cases on the subject, and it is now very generally accepted that the question is largely one of intent, and the instrument will be upheld as a valid

execution of the power where, on its entire perusal, the intent to exercise the power can be plainly inferred, and that pertinent facts *in pais* may be resorted to in aid of such interpretation. *Kirkman v. Wadsworth,* 137 N. C., 453; *Taylor v. Eatman,* 92 N. C., 601; *Lee v. Simpson,* 134 U. S., 572; citing, among other cases, *Blagge v. Miles,* 1st Story, 426; *Warner et al. v. Connecticut Mutual Life Insurance Co.,* 109 U. S., 357; *Blake v. Hawkins,* 98 U. S., 315; *Crane v. Morris,* 6 Peters, 598; *South v. South,* 91 Indiana, 221; *Willier v. Cummings,* 91 Neb., 571, reported also in Anno. Cases, 1913 D, 287; *Brown v. Nelms,* 86 Arkansas, 368; 21 R. C. L., pp. 795-798.

In the well-considered editorial note on this subject appearing in Annotated Cases, 1913 D, *supra,* and as more directly apposite to the question presented here, it is said: "While the rule is, that where one has both an estate in and a power over property, and does an act which may be referred either to the execution of the power or to the exercise of his rights as owner, it will be presumed that the act is done by reason of his ownership; still if a conveyance is made which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of the ownership, the conveyance will be referred to the power"; citing numerous cases, and quoting from our own decision of *Kirkman v. Wadsworth,* as follows: "If a deed can have no efficacy except by reference to a power, and the deed has been executed substantially as provided in the instrument creating the power, the estate will pass although the power is not referred to in the deed. If the donee of the power has an estate in the property outside and independent of the instrument creating the power, or any separate estate in the property, however created, and makes a deed the terms of which will be fully satisfied by such independent estate, which deed contains no reference whatever to the power, his conveyance will be referred to his own independent estate, and it will be presumed that the donee intended to convey his independent estate only, and that he did not intend the deed as an exercise of the power of appointment under a trust."

Under a correct application of these principles, it appearing that Miss Bertha Rosenthal having a life estate in the property under her mother's will, with a power to sell and convey the fee, has made a sale of the same and executed a deed to the purchaser conveying a fee-simple title with full covenants, and has received therefor as the purchase price the full value for the entire interest so conveyed, this instrument should be upheld as a valid exercise of the power conferred upon her by the will, and her vendee, Richardson, having conveyed said lot by proper deeds to Matthews, who in turn has conveyed to defendant, the latter, as stated, has thereby acquired and holds a good title.

And if it were otherwise, the later deed made by Miss Rosenthal to . Matthews in 1923, making full recital of her power and her intent to exercise same, would give further and full assurance of title if any were needed. The operation of such deed by way of estoppel inuring to the benefit of defendant as grantee of Matthews under the covenants contained in such deed. *Door Co. v. Joyner,* 182 N. C., 520, citing *Hallyburton v. Slagle,* 132 N. C., 947; *Wellborn v. Finley,* 52 N. C., 228-237, and other cases.

There is no error, and the judgment of the lower court is

Affirmed.