JONATHAN H. WOODY AND FIRST NATIONAL BANK & TRUST COM-
PANY IN ASHEVILLE v. MAUDE B. PICKELSIMER, INDIVIDUALLY AND
AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JOSEPH H. PICKEL-
SIMER, DECEASED; C. W. PICKELSIMER, LEILA J. ENGLISH, RUTH
PICKELSIMER POWELL, R. JOHN PICKELSIMER, CHARLES J.
PICKELSIMER, JAMES B. PICKELSIMER, LEWIS P. HAMLIN, JR.,
RACHEL HAMLIN FREEMAN, PERRY HAMLIN, ELIZABETH RAM-
SEUR BERTHOLD, FLORA DUCKWORTH WHITSETT, W. W. DUCK-
WORTH, CLARENCE E. DUCKWORTH, R. J. DUCKWORTH, J. FRANK
DUCKWORTH, ROBERT H. DUCKWORTH, HELEN DUCKWORTH
RUSSELL AND C. FEW LYDA.

(Filed 30 June, 1958.)

**1. Pleadings § 19c—**

A pleading must be liberally construed, giving the pleader the benefit
of every reasonable intendment and presumption therefrom, and a plead-
ing must be fatally defective before it will be rejected as insufficient.

**2. Executors and Administrators § 12b—**

Where an executrix sells stock in which she owns a life estate as
beneficiary under the will, and the executrix has the power to sell the
stock absolutely in her representative capacity, the sale of the stock will
be referred to the power, and the purchaser will get absolute title when
the purchase is made in good faith for full value, and where the plead-
ings and evidence are sufficient to raise the question as to whether the
purchaser was dealing with the executrix in her representative capacity
and acted in good faith, paying full value, the issue should be submitted
to the jury in the purchaser's action to confirm the sale.

**3. Same—**

The duties and obligations of an administratrix continue until the
administration is complete, and her private sale of choses in action of
the estate is valid if made in good faith.

**4. Appeal and Error § 46:    Pleadings § 22—**

Ordinarily, a motion to amend is addressed to the sound discretion
of the trial court and its ruling thereon is not reviewable on appeal, but
when the denial of the motion is based upon an erroneous holding as a
matter of law as to the scope of the issues raised by the pleadings and
as to the legal effect of the testimony, the denial of the motion is re-
viewable and must be held for error.

**5. Executors and Administrators § 12b—**

Where a corporation transfers the ownership of shares of stock upon
its books upon an endorsement by an executrix, the corporation is fixed
with knowledge of the will and its contents, and that the executrix, indi-
vidually, owned only a life estate in the stock when this appears from
the will, but since the executrix, in her representative capacity, has the
power to sell the stock at private sale, the corporation may not be held
liable by the owners of the remainder in the personalty when at the
time the corporation had no reasonable ground to believe that the exe-
cutrix intended to misapply the proceeds of sale.

APPEAL by plaintiffs and defendants, other than Maude B. Pickelsimer and R. J. Duckworth, from *Campbell, J.,* December 1957 Term, of TRANSYLVANIA.

Civil action originally instituted before the Clerk of Superior Court by Jonathan H. Woody and Transylvania Trust Company, plaintiffs, against Maude B. Pickelsimer, widow, and others, heirs of Joseph H. Pickelsimer, deceased, seeking, among other things, the confirmation of sale by Maude B. Pickelsimer to Jonathan H. Woody in October, 1946, of 62 shares of the capital stock of Transylvania Trust Company owned by J. H. Pickelsimer at the time of his death, as a valid and effective sale and transfer of all interest in said stock to said Woody.

The record discloses that question having arisen as to whether this was then a special proceeding before the Clerk, and the Clerk having disqualified himself on account of being related to some of the defendants, and the case appearing on the calendar for the April Term 1957 of Superior Court, and counsel for plaintiffs and for defendants having agreed that since the Clerk had disqualified himself the case is properly before the Superior Court, the presiding judge entered an order that the case be retained upon the Superior Court docket of Transylvania County for such action as may be deemed appropriate.

It is admitted in the pleadings: (1) That Joseph H. Pickelsimer died in November 1941, leaving a last will and testament which has been duly admitted to probate in Transylvania County, Item #3 of which provides as follows: "Item Three. I further give and bequeath unto my said beloved wife, Maud Bell Pickelsimer, all profits, rents, dividends, bonuses or other income or profits which may arise or be derived from any stock in, or bonds of, the Cascade Power Company and the Brevard Light and Power Company or any other corporation or co-partnership which I may have an interest in at the time of my death, for the term of her natural life. It being my desire and will that my said wife shall have the full right and power to vote any and all stock or share in any corporation or partnership in which I may be interested at the time of my death. And upon the death of my said wife, it is my will and desire that all my said stock in said corporations or co-partnerships be equally divided among all my heirs, per capita and not per stirpes."

(2) That the defendant Maude B. Pickelsimer is a citizen and resident of Transylvania County, North Carolina, and is the duly appointed qualified and acting Executrix of the Last Will and Testament of Joseph H. Pickelsimer, deceased.

(3) That the defendants named in the caption, other than Maude B. Pickelsimer, are the heirs at law of the said Joseph H. Pickelsimer,

deceased, of stated collateral relationships,—he having left no lineal descendants.

(4) That defendant Maude B. Pickelsimer is the widow of Joseph H. Pickelsimer, deceased, and is the legatee named in Item 3 of his said will,—and as such is entitled to a life estate in all stock in corporations owned by him at the time of his death.

(5) That at the time of his death Joseph H. Pickelsimer was the owner of 62 shares of the common stock of the plaintiff Transylvania Trust Company of the par value of $100 each.

And it is alleged in the complaint in pertinent part as follows:

1. "XI. That in the Fall of 1946 the plaintiff Jonathan H. Woody became interested in purchasing the controlling interest in the said Transylvania Trust Company and approached the defendant Maud B. Pickelsimer and offered to purchase the 62 shares of stock owned by the Estate of said Joseph H. Pickelsimer, deceased, which passed to the said defendant under the terms of Item Three of the will of said Joseph H. Pickelsimer as set forth in paragraph V hereinabove for the sum of $26,320; that the said sum offered by the plaintiff Jonathan H. Woody represented the par value of said stock plus accumulated earnings thereon and an extra value for said stock as the controlling interest in said corporation, and amounted to considerably more than the book value of said stock; that the defendant Maud B. Pickelsimer represented to the said plaintiff Jonathan H. Woody that she was the owner of said stock and had the right to sell the same, and accepted the offer of the plaintiff Jonathan H. Woody and assigned the said 62 shares of stock in the Transylvania Trust Company to said plaintiff Jonathan H. Woody and the same were transferred to his name on the books of the said corporation on or about the first day of November, 1946."

2. That "the sale which the said defendant Maude B. Pickelsimer made of said 62 shares of stock to said plaintiff Jonathan H. Woody was a most desirable and advantageous one, both for the life tenant and the remaindermen."

And plaintiff prays, inter alia:

"2. That the sale of the 62 shares of common stock in the Transylvania Trust Company made by the defendant Maud B. Pickelsimer to the plaintiff Jonathan H. Woody be ratified and confirmed.

"3. That the defendant Maud B. Pickelsimer, individually and as Executrix of the Last Will and Testament of Joseph H. Pickelsimer, deceased, be required to bring in to this Court the sum of $26,320.00 received from the sale of the stock as hereinabove set forth, and submit the same to the jurisdiction of this court for its orders concerning the reinvestment thereof in such securities and form as the court

may decree, to be held on like terms and conditions as the said stock which was sold."

Defendant Maude B. Pickelsimer and other defendants in separate answers deny the material aspects of these allegations of fact so alleged in the complaint, and do not admit matters of law alleged.

And upon the trial in Superior Court plaintiff offered evidence tending to show (1) that, while Mrs. Maude B. Pickelsimer claimed to own, and represented to plaintiff Woody that she did own, the 62 shares of stock in Transylvania Trust Company of which her deceased husband Joseph H. Pickelsimer died possessed, and the heirs had made no contention otherwise, she in fact only owned such interest therein as was bequeathed to her under Item 3 of the will; and that hence in order to pass to plaintiff Woody the whole of said stock, which he offered to purchase, it was necessary to the transfer thereof to sign, and she did sign the certificates in her capacity as executrix of the last will and testament of Joseph H. Pickelsimer; (2) that the administration of the estate of Joseph H. Pickelsimer has not been closed, and is still open and unsettled; (3) that the price paid by plaintiff Woody was more than book value, and is fair and reasonable; (4) that at the time the sale was made the stock certificates evidencing the stock out of which the said 62 shares were held, were in the name of either J. H. Pickelsimer, or J. H. Pickelsimer and his brother C. W. Pickelsimer, one of the defendants, and were deposited in safety deposit box in the bank, and that plaintiff Woody did not see them until some time after the transaction was closed, nor was he informed thereof.

Upon motion of defendants C. W. Pickelsimer and others, other than Maude B. Pickelsimer and R. J. Duckworth, for leave to amend their pleadings, they were allowed in the court's discretion to file a further answer and counterclaim, and to join First National Bank & Trust Company in Asheville as a party defendant to this action.

In said further answer and counterclaim said defendants, other than Maude B. Pickelsimer and R. J. Duckworth, "for the purpose of presenting facts arising since this action was commenced and to present issues necessary for a full determination of the action" it is alleged (1) that in 1957 the plaintiff Transylvania Trust Company merged into the First National Bank & Trust Company in Asheville, a national banking corporation; (2) that upon facts substantially as alleged in the complaint they, the said defendants, own the remainder in the 62 shares of stock in Transylvania Trust Company, here involved, after the life estate of Maude B. Pickelsimer; (3) that (a) as set forth in paragraph X, subsequent to the transfer of the 62 shares of said stock to Jonathan H. Woody, the plaintiff, Transylvania Trust

Company declared Stock dividends on three occasions of 100%, 50% and 33 1/3%, respectively, upon its outstanding stock, and 186 additional shares of stock were thus received as dividends upon the 62 shares originally transferred to the plaintiff Jonathan H. Woody, and said block of stock thereby increased to 248 shares; (b) that, as set forth in paragraph XI: "Defendants are informed and believe, and so allege, that on or about the first day of July, 1957, plaintiff Transylvania Trust Company underwent a merger or consolidation into the First National Bank and Trust Company in Asheville, a national banking corporation with its principal office located in Asheville, North Carolina, and in connection with such merger or consolidation the stock of Transylvania Trust Company was exchanged on the basis of 6¼ new shares for each old share, so that the block of 248 shares of stock referred to in the preceding paragraph has now been exchanged for 1550 shares of stock in the surviving corporation." (c) That, as set forth in paragraph XIII, "The block of stock heretofore described consists of negotiable instruments in which these defendants have a remainder interest, and the rights of these defendants might be permanently destroyed, and these defendants irreparably damaged, if such stock were negotiated to a bona fide purchaser without proper endorsement to protect the interests of the remaindermen."

At the close of all the evidence the record shows these proceedings were had:

1. The court requested counsel for plaintiff to state what, if any, issue there now remained in the case for presentation to the jury. The plaintiff, Jonathan H. Woody, thereupon in apt time tendered the following issue and requested that it be submitted to the jury: "Did the plaintiff Jonathan H. Woody purchase the 62 shares of stock of the Transylvania Trust Company described in the complaint from the defendant Maude B. Pickelsimer, individually and as executrix of the Estate of Joseph H. Pickelsimer, in good faith and for fair value, and without notice of any facts making the transfer of said stock wrongful?" The court refused to submit the issue tendered, and to the court's refusal thereof plaintiff Jonathan H. Woody objects and excepts.

2. Upon motion of the First National Bank & Trust Company of Asheville judgment as of nonsuit is sustained "without prejudice to the defendants at any time in the future to seek relief from the bank." The First National Bank & Trust Company objects and excepts to the qualification of the order of nonsuit in respect to said bank made a part of the order in the following words "without prejudice to the defendants in apt time in the future to seek relief from the bank," and

in open court gives notice of appeal to the Supreme Court for errors assigned and to be assigned.

And "The defendants, other than Maude B. Pickelsimer and R. J. Duckworth, object and except to the granting of the motion of nonsuit as to the First National Bank & Trust Company in Asheville, and give notice of appeal to Supreme Court.

At the conclusion of all the evidence: (1) Motion of defendant Maude B. Pickelsimer for judgment as of nonsuit was allowed, "With out prejudice to the plaintiffs to bring such appropriate action against her as they may be advised." "To the action of the court in sustaining said motion, the plaintiffs in apt time object and except, and likewise the defendant Maude B. Pickelsimer objects and excepts."

The court thereupon submitted to the jury this issue, which the jury answered as indicated:

"1. Are the heirs at law of Joseph H. Pickelsimer the owners of the remainder interest, following the death of Maude B. Pickelsimer, in the bank stock described in the complaint? Answer: Yes."

To the submission of this issue the plaintiffs in apt time object and except, etc. Thereupon the court entered the following judgment:

"This cause coming on for trial and being tried at the December 1957 Term of Superior Court for Transylvania County, North Carolina, before the Honorable Hugh B. Campbell, Judge Presiding, and a jury, upon the complaint and upon the counterclaim of the defendants other than Maude B. Pickelsimer and R. J. Duckworth, and motions for nonsuit having been allowed as appear of record as to the defendant Maude B. Pickelsimer and the plaintiff First National Bank & Trust Company in Asheville, and the following issue having been presented to the jury and answered by the jury as follows: (As above stated).

"It is now therefore ordered, adjudged and decreed as against the plaintiff Jonathan H. Woody:

"1. That the heirs of Joseph H. Pickelsimer are the owners of a remainder interest, following the death of Maude B. Pickelsimer, in 62 shares of the capital stock of Transylvania Trust Company and all increase thereof since November 1, 1946, by way of stock dividends of Transylvania Trust Company and by way of stock received in exchange therefor in the consolidation of Transylvania Trust Company into First National Bank and Trust Company in Asheville, now amounting to one thousand five hundred fifty (1,550) shares of the capital stock of First National Bank and Trust Company in Asheville, a national banking corporation, such shares to be distributed to the heirs of Joseph H. Pickelsimer in accordance with Item Three of the

will of Joseph H. Pickelsimer, following the death of Maude B. Pickelsimer.

"2. That the plaintiff Jonathan H. Woody be, and he is hereby mandatorily enjoined and required to endorse or cause to be endorsed upon certificates representing one thousand five hundred fifty (1,550) shares (to the extent he now has that number of shares) of the capital stock of First National Bank and Trust Company in Asheville, a national banking corporation, the following endorsement: 'This certificate represents an estate for the life of Maude B. Pickelsimer, remainder to the heirs of Joseph H. Pickelsimer as prescribed by the will of Joseph H. Pickelsimer.'

"3. That the plaintiff Jonathan H. Woody be, and he is hereby permanently enjoined from transferring any stock in First National Bank and Trust Company in Asheville standing in his name or beneficially owned by Jonathan H. Woody until the requirements of the foregoing paragraph 2 have been carried out.

"4. That the plaintiff Jonathan H. Woody report and account to this court and to the defendants in this action, other than Maude B. Pickelsimer and R. J. Duckworth, for the due performance of the requirements of this judgment.

"5. That the defendants have and recover of plaintiff Jonathan H. Woody their costs of suit to be taxed by the Clerk."

To the entering and signing of the judgment plaintiff Jonathan H. Woody objects and excepts, and in open court gives notice of appeal to the Supreme Court, and assigns error.

Defendants, other than Maude B. Pickelsimer, gave notice of appeal to Supreme Court from the judgment, and so much of the judgment as limits the relief granted these defendants to the stock in First National Bank & Trust Company in Asheville which Jonathan H. Woody now has.

*Morgan, Ward & Brown, Ramsey & Hill* for plaintiff, Jonathan H. Woody.

*Adams & Adams* for plaintiff, First National Bank & Trust Company in Asheville.

*Lewis P. Hamlin, Jr., Thomas R. Eller, Jr.,* for defendant, heirs other than R. L. Duckworth.

*Potts & Ramsey* for Maude B. Pickelsimer.

WINBORNE, C. J.: *Appeal by plaintiff, Jonathan H. Woody.*

At the outset attention is again directed to Rules 19 (3) and 21 of the Rules of Practice in Supreme Court— Appendix 1 of Volume 4A of the General Statutes; also 221 N.C. 544, and see early case *Pruitt v.*

*Wood*, 199 N.C. 788, 156 S.E. 126, and late case *Hunt v. Davis*, 248 N.C. 69, 102 S.E. 2d, 405, and many intervening cases. Many of the assignments of error in the main are deficient. However enough are preserved to present determinative questions.

Among the assignments of error presented on this appeal, appellant Jonathan H. Woody points to Woody's exception number 21 to the refusal of the trial judge to allow motion for leave to amend his complaint to allege that plaintiff, Jonathan H. Woody, purchased the stock in controversy from Maude B. Pickelsimer individually and also as Executrix of the will of Joseph H. Pickelsimer, in order that the pleadings might conform to the evidence introduced by the plaintiffs, and the evidence introduced by all the parties. The motion to so amend was refused "for that the court is of opinion that such amendment was contrary to the testimony of Jonathan H. Woody, and that the testimony of said plaintiff showed that he purchased the stock from Maude B. Pickelsimer, individually and not as executrix, even though the stock certificates were thereafter endorsed by Maude B. Pickelsimer in her capacity as executrix."

True the plaintiff said he was dealing with Mrs. Pickelsimer individually. But under the circumstances of this case, how he was negotiating with her is a conclusion of law. His evidence tends to show he was purchasing and paying approximately $27,000 for 62 shares of stock and not for a life estate therein of a person then about seventy years of age. To complete the full sale, it was necessary that Maude B. Pickelsimer execute the transfer in her capacity as Executrix of the will of Joseph H. Pickelsimer.

Hence in the ruling so made, this Court is constrained to hold there is error upon two grounds:

First: Considering the complaint: Both the statute, G.S. 1-151, and the decisions of this Court require that the pleading be liberally construed, and that every reasonable intendment and presumption must be in favor of the pleader. A pleading must be fatally defective before it will be rejected as insufficient. *Ins. Co. v. McCraw*, 215 N.C. 105, 1 S.E. 2d, 369; *Dickensheets v. Taylor*, 223 N.C. 570, 27 S.E. 2d 618, and cases cited.

Applying this principle in testing the sufficiency of the complaint in present case, we are unable to say that in no view is a cause of action stated as against Maude B. Pickelsimer as Executrix of the will of Joseph H. Pickelsimer in respect to the validity of the sale of the stock in question.

"The rule is, that where one has both an estate in and a power over property, and does an act which may be referred either to the execution of the power or to the exercise of his rights as owner, it

will be presumed that the act is done by reason of his ownership; still if a conveyance is made which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of the ownership, the conveyance will be referred to the power." *Matthews v. Griffin,* 187 N.C. 599, 122 S.E. 465. See also Annotation in 91 A.L.R. at page 472; also Anno. 127 A.L.R. at page 248.

And in the *Matthews* case, *supra,* Hoke, J., speaking for the Court, had this to say on the subject: "It is now very generally accepted that the question is largely one of intent, and the instrument will be upheld as a valid execution of the power where, on its entire perusal, the intent to exercise the power can be plainly inferred, and that pertinent facts *in pais* may be resorted to in aid of such interpretations."

In the light of this principle the allegations of the complaint are susceptible of the interpretation that in any event Maude B. Pickelsimer individually had an interest in the stock in question, and as executrix had the power to sell the interest of the estate therein.

The question then arises did Maude B. Pickelsimer, as Executrix of the will of Joseph H. Pickelsimer, have the power to sell, and assign the stock in question. In this respect, this Court held in *Felton v. Felton,* 213 N.C. 194, 195 S.E. 533, (1) that until the settlement and distribution of an estate, the administration is incomplete and the duties and obligations of the administratrix continue, and (2) that private sale of choses in action by executor or administrator, if made in good faith, is valid. Hence exception Number 24 to the granting of motion for judgment as of nonsuit as to Maude B. Pickelsimer appears to be well taken.

Secondly: Ordinarily motion to amend a pleading, under the circumstances here stated, is addressed to the sound discretion of the trial court, and his ruling thereon, made in the exercise of such discretion, is not reviewable on appeal; but it is error for the trial court to rule thereon as a matter of law without the exercise of discretion. See *Tickle v. Hobgood,* 212 N.C. 762, 194 S.E. 461, and cases cited.

However, since it is held that the complaint states a cause of action, as above set forth, this ruling becomes harmless.

The case should have been presented to a jury under appropriate instruction on pertinent issues as to validity of sale alleged in the complaint. For failure to do so, there must be a new trial on plaintiff's appeal.

Now as to the *Appeal by defendants, other than Maude B. Pickelsimer and R. J. Duckworth,* from judgment as of nonsuit as to First National Bank & Trust Company in Asheville:

Regardless of what the reason was for the nonsuit, this Court is of opinion and holds that the further answer and counterclaim of

these defendants fails to state a cause of action against the First National Bank & Trust Company in Asheville,— a defect upon the face of the record proper requiring dismissal in Supreme Court *ex mero motu* in the absence of an assignment of error. *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774.

In this connection, this Court in *Wooten v. R.R.*, 128 N.C. 119, 38 S.E. 298, opinion by *Montgomery, J.*, had this to say: "After mature consideration of all the cases cited and the text in law books to which our attention has been called, our opinion is:

"First: That where a transfer of stock of a corporation is made on its books by an executor, the corporation is fixed with a knowledge that there is a will, and is chargeable with a knowledge of its contents to the same extent as if the officers had actually read it.

"Second: That, notwithstanding such knowledge of the contents of the will, the executor may, even with intent to convert to his own use the money, sell and transfer such stock to a purchaser under the corporation's supervision, and that even though the stock be specifically bequeathed in the will, without liability on the part of the corporation unless it has at the time of the transfer reasonable ground to believe that the executor intends to misapply the money, or is in the very transaction applying it to his own private use."

Hence the appeal by defendants name, in this respect will be dismissed *ex mero motu.*

Lastly the matter of *Appeal by First National Bank & Trust Company in Asheville* from ruling of the court limiting the effect of the judgment as of nonsuit becomes moot and will be dismissed since the counterclaim against the Bank is dismissed.

For reasons stated above (1) On plaintiff's appeal there will be a New Trial; (2) Appeal of. defendants, other than Maude B. Pickelsimer and R. J. Duckworth, is dismissed, and (3) Appeal by First National Bank & Trust Company is dismissed as now moot.

Plaintiff Woody's Appeal—New Trial

Defendants' Appeal—Dismissed

Bank's Appeal—Moot